Lord *v.* Morris.

## LORD *v.* MORRIS AND GOODMAN, DEFENDANTS, AND SULLIVAN *et als.*, INTERVENORS.

IN this State, where an action upon a promissory note, secured by a mortgage of the same date upon real property, is barred by the Statute of Limitations, the mortgagee has no remedy upon the mortgage; and although he may pursue distinct remedies upon the note or the mortgage, the limitation prescribed is the same in both cases.

The Statute of Limitations of this State differs essentially from the Statutes of James I, and from the Statutes of Limitation in force in most of the other States. Those statutes apply in their terms only to particular legal remedies, and Courts of Equity hold themselves not bound by them, except in cases of concurrent jurisdiction, but act merely by analogy to them.

Those statutes as a general thing also apply, so far as actions upon written contracts not of record are concerned, only to actions upon simple contracts—that is, contracts not under seal, fixing the limitation at six years, and leaving actions upon specialities to be met by the presumption established by the rule of the common law, that after a lapse of twenty years the claim has been satisfied. In those statutes where specialties are mentioned, the limitation is generally fixed either at fifteen or twenty years. The case is entirely different in this State. Here the statute applies equally to actions at law and to suits in equity. It is directed to the subject matter and not to the form of the action, or the forum in which the action is prosecuted. Nor is there any distinction in the limitation prescribed between simple contracts in writing and specialities.

In this State a mortgage does not, as at common law, give a right of possession to the mortgagee, and hence, from this fact and the difference between the Statute of Limitations of this and other States, the decisions of Courts in other States to the effect that the mortgagee has a remedy on his mortgage after the note is barred, have no application.

Where a note is secured by mortgage upon real property, and subsequently, after the remedy on the note is barred by the statute, the mortgagor executes a second mortgage to a third party, such third party can interpose the plea of the Statute of Limitations in a suit to foreclose the first mortgage, and thus secure priority for his subsequent mortgage; and this, even though the mortgagor had, after the execution of the second mortgage and after the note was barred, indorsed on the first note that he renewed, revived and agreed to pay the same.

A mortgagor, after disposing of the mortgaged premises by deed of sale, loses all control over them. His personal liability thereby becomes separated from the ownership of the land, and he can by no subsequent act create or revive charges upon the premises. He is as to the premises henceforth a mere stranger. And if, instead of selling the premises, he execute a second mortgage upon them, he is equally without power to destroy or impair the efficacy of the lien thus created.

As a general rule, the plea of the Statute of Limitations is a personal privilege of the party, and cannot be set up by a stranger. This is true with respect to

personal obligations, which concern only the party himself, or with respect to property which the party possesses the power to charge or dispose of. But with respect to property placed by him beyond his control, or subjected by him to liens, he has no such personal privilege. He cannot at his pleasure affect the interests of other parties.

*Query.* Whether, where a party revives a note secured by mortgage upon real estate, after the note is barred, he thereby revives the mortgage.

˙Appeal from the Thirteenth District.

The indorsement on the note secured by the first mortgage was as follows :

" For value received, I hereby renew, revive and agree to pay the within note and debt.

" May 11th, 1861.

[Signed]                                          Merritt Goodman,
                                                       B. F. Morris."

The defendants made no defense.

The other material facts appear in the opinion of the Court. Plaintiff appeals.

*Heydenfeldt,* for Appellant.

The plea of the Statute of Limitations is a personal privilege and cannot be set up by a stranger. The presumption arising from lapse of time is that the debt has been paid. The effect of a new promise or acknowledgment is to rebut the presumption of pay-. ment, and consequently leaves the·debt as it originally stood, without the operation of the statute. (*Bullock* v. *Perry,* 2 Stew. & Port. 319 ; *Fisk* v. *Needham,* 11 ˙Mass. 452 ; *Grist* v. *Newman,* 2 Bailey, 92 ; *Lyon* v. *McClay,* 1 Watts, 271.) The debt itself is revived, and there is no necessity for an action on the new promise. (*Lord* v. *Shaler,* 3 Conn. 131 ; *Lonsdale* v. *Brown,* 4 Wash. C. C. 149 ; *Kimmel* v. *Schwartz,* Breese, 216 ; *Danforth* v. *Culver,* 11 Johns. 147.) An acknowledgment of the old debt is as effectual to prevent the bar of the statute as is a new promise. (Wood's Dig. 49, sec. 31 ; *Glenn* v. *McCullough,* Harper, 484 ; *Porter* v. *Hill,* 4 Greenl. 41 ; *Oliver* v. *Gray,* 1 Harr. & Gill, 204 ; *Lord* v. *Harvey,* 3 Conn. 379 ; *Allen* v. *Webster,* 15 Wend. 284 ; *Elliott* v. *Leake,* 5 Miss. 207 ; *Rodrigue* v. *Fronty,* 2 Brevard, 31.) And a promise not to plead the Statute of Limitations will

Lord *v*. Morris.

take the case out of its operation. (*Utica Ins. Co.* v. *Bloodgood*, 4 Wend. 652; *Lowry* v. *Dubose*, 2 Bailey, 425; *Lindsay* v. *Jamison*, 4 McCord, 93.) So it is sufficient if a debt is inventoried in a bankrupt's schedule. (*Bryan* v. *Wilcocks*, 3 Cow. 159.) So of a refusal to pay on other grounds than that of payment. (*Olcott* v. *Scales*, 3 Vt. 173.) So where a note is given for the interest due on a barred note. (*Sigourney* v. *Wetherell*, 6 Met. 553.) So of an acknowledgment of the debt, accompanied with a declaration that he would not pay it. (*Aiken* v. *Benton*, 2 Brevard, 330.)

*J. B. Harmon*, for Respondents.

August 9th, 1859, plaintiff's note was outlawed, and by consequence his mortgage fell. The revival of plaintiff's note in May, 1860, several months after intervenors took their note and mortgage, cannot relate back so as to deprive them of their lien; and they may set up the statute. Such revival was a new contract. (*Horn* v. *Volcano Water Co.*, 13 Cal. 70; *Larthet* v. *Hogan*, 1 Ann. La. 331; Angell on Limitations, 245, sec. 25; *Bell* v. *Morrison*, 1 Peters, 357 and cases cited; *Fairbank* v. *Dawson*, 9 Cal.; *McMillan* v. *Richards*, Id. 408; *Nagle* v. *Macy*, Id. 24; Adams Eq. 110 *n*; Wood's Dig. 48, *et seq.*, secs. 17, 19; *Fleming* v. *Parry*, cited in *Sherwood* v. *Dunbar*, 6 Cal. 54.) If the revival constitutes a new contract, intervenors' mortgage, dated January 19th, 1860, must prevail over the new contract, dated May 11th, 1860.

FIELD, C. J. delivered the opinion of the Court—BALDWIN, J. and COPE, J. concurring.

The questions presented by the record for determination are :— *first*, whether, when an action upon a promissory note, secured by a mortgage of the same date upon real property, is barred by the Statute of Limitations, the mortgagee has any remedy upon the mortgage; and *second*, whether a party having a subsequent mortgage upon the same premises, executed after the statute has run against the note, can interpose the plea of the statute in a suit to foreclose the first mortgage, and thus secure a priority of lien for

his subsequent mortgage. The facts of the case are these :—
On the fifth of May, 1855, the defendants executed to the plaintiff
a mortgage upon the premises described in the complaint to secure
their promissory note to him, of the same date, for the sum of four
hundred dollars, payable in three months with interest. The mort-
gage is not set forth in the record, nor are its contents given. The
complaint only alleges that it is of the premises in fee, and contains
a clause authorizing the plaintiff, upon default in the payment of
the note, to cause a sale of the premises in the manner provided by
law, and to retain from the proceeds the amount of the note and
interest. We shall assume, therefore, that it is in the common form
in use in this State—that of an absolute conveyance, with a con-
dition underwritten that it is executed as security for the note,
and will become inoperative and void upon its payment at ma-
turity ; otherwise, remain in full force. The mortgage was
duly recorded in the office of the Recorder of the county where
the premises are situated, within two days after its execution.
On the eighth of August, 1855, the note matured, and on the
eighth of August, 1859, the period of limitation within which, by
the statute, an action could be commenced upon it, expired. Sub-
sequently to this, and on the eleventh of May, 1860, the defend-
ants indorsed, over their signatures, upon the back of the note, a
memorandum to the effect that for value received they " renew,
revive and agree to pay " the note and debt. It would appear that
subsequent to the execution of the mortgage, Morris, one of the
defendants, disposed of his interest in the premises, for the petition
of intervention, and the findings of the Court mention Goodman the
other defendant, and two other persons as being the successors of
the defendants. We infer from this, and shall so assume in the con-
sideration of the case, that these parties held the interest of the
mortgagors in the premises, and it matters not for the purposes of
the appeal in what mode the interest was acquired. Having such
interest, they executed on the nineteenth of January, 1860, two
mortgages upon the premises—one to the intervenors to secure their
promissory note of the same date, for $4,894, payable on or before
the fifth of June, 1860, with interest, and the other to one Polson
to secure their promissory note to him for $2,185, payable three

months after date with interest. · This last note and mortgage were assigned to the intervenors, and in July, 1860, both of the mortgages were foreclosed, and the usual decrees in such cases entered. In December, 1860, the present suit to foreclose the first mortgage was commenced, and the owners of the second and third mortgages filed their petition of intervention, alleging that the remedy of the plaintiff upon the note and mortgage to him was barred by the statute, and that the lien of the mortgage was extinct previously to the nineteenth of January, 1860, and if the note had been revived, that such revival did not affect the extinct lien of the mortgage, or not in such manner as to give it any priority over the liens of the mortgages owned by them. The Court held that the liens of the intervenors must be first satisfied out of the proceeds of the mortgaged property, and the lien of the plaintiff be postponed until such satisfaction ; and ordered judgment to that effect.

The Statute of Limitations of this State differs essentially from the statute of James I, and from the Statutes of Limitation in force in most of the other States. Those statutes apply in their terms only to particular legal remedies, and hence Courts of Equity are said not to be bound by them except in cases of concurrent jurisdiction. In other cases Courts of Equity are said to act merely by analogy to the statutes, and not in obedience to them. Those statutes as a general thing also apply, so far as actions upon written contracts not of record are concerned, only to actions upon simple contracts—that is, contracts not under seal, fixing the limitation at six years, and leaving actions upon specialties to be met by the presumption established by the rule of the common law, that after a lapse of twenty years the claim has been satisfied. In those statutes where specialties are mentioned, as in the statutes of Ohio and of Georgia, the limitation is generally fixed either at fifteen or twenty years. The case is entirely different in this State. Here the statute applies equally to actions at law and to suits in equity. It is directed to the subject matter and not to the form of the action, or the forum in which the action is prosecuted. Nor is there any distinction in the limitation prescribed between simple contracts in writing and specialties. Thus the statute requires an action " upon any contract, obligation or liability founded upon an instru-

ment of writing," except a judgment or decree of a Court of a State or Territory, or of the United States, to be commenced within four years after the cause of action has accrued.   It matters not whether damages be sought for a breach of the contract, and thus an action at law be brought, or a specific performance be prayed, and thus a suit in equity be commenced, the proceeding must in either case be taken within the limitation designated.   (See *Pearis* v. *Covillaud*, 6 Cal. 617.)   The statute, after prescribing certain periods within which actions upon judgments, upon simple contracts, for relief on the ground of fraud, and for other causes, shall be brought, declares, in general terms, that " an action for relief" not thus provided for must be commenced within four years after the cause of action shall have accrued—covering all cases where equitable or other relief may be sought.

A mortgage in this State also differs materially from a mortgage at common law, or a mortgage in our sister States.   At common law, a mortgage of real property was regarded as a conveyance of a conditional estate, which became absolute upon condition broken. It gave to the mortgagee, except as otherwise stipulated by provisions inserted in the instrument, a present right of possession. Upon it the mortgagee could enter peaceably, or bring ejectment, or a writ of entry ; and in those States where the common law view has been modified by considerations arising from the real object of the instrument, and the nature of the transaction, it is still generally held that, as between the parties, it passes the fee, and gives a remedy to the mortgagee for the possession, though as to third persons it constitutes only a lien or charge, and leaves the mortgagor the owner of the premises.   Thus in *Ewer* v. *Hobbs*, (5 Met. 3) Chief Justice Shaw, in delivering the opinion of the Supreme Court of Massachusetts, after stating the object of a mortgage, said : " Hence it is that, as between mortgagor and mortgagee, the mortgage is to be regarded as a conveyance in fee, because that construction best secures him in his remedy, and his ultimate right to the estate, and to its incidents, the rents and profits.   But in all other respects, until foreclosure, when the mortgagee becomes the absolute owner, the mortgage is deemed to be a lien or charge, subject to which the estate may be conveyed, attached and in other

respects dealt with as the estate of the mortgagor." And in the subsequent case of *Howard* v. *Robinson*, (5 Cush. 123) the same distinguished Justice said: "Although, as between mortgagor and mortgagee, it is a transmission of the fee which gives the mortgagee a remedy in the form of a real action and constitutes a legal seizin, yet to most other purposes, a mortgage before the entry of the mortgagee is but a pledge and real lien, leaving the mortgagor for most purposes the owner." The doctrine with respect to mortgages is very different in this State. Here a mortgage is regarded as between the parties, as well as with reference to the rights of the mortgagor in his dealings with third persons, as a mere security, creating a lien or charge upon the property, and not as a conveyance vesting any estate in the premises, either before or after condition broken. Here it confers no right to the possession of the premises either before or after default, and, of course, furnishes no support to an action of ejectment, or to a writ of entry for their recovery. The language of the statute is express, that it shall not be deemed a conveyance, whatever its terms, so as to enable the owner of the mortgage to recover possession without a foreclosure and sale. (See Pr. Act, sec. 260; *McMillan* v. *Richards*, 9 Cal. 411; *Nagle* v. *Macy*, Id. 428; *Johnson* v. *Sherman*, 15 Id. 293; *Goodenow* v. *Ewer*, 16 Id. 464; *Boggs* v. *Hargrave*, 16 Id. 563; *Fogarty* v. *Sawyer*, 17 Id. 592.)

From this statement as to the Statute of Limitations, and the operation of a mortgage upon the right of possession in this State, it is evident that the decisions cited from the reports of other States, to the effect that a mortgagee has a remedy upon his mortgage after the Statute of Limitations has run upon the promissory note for the payment of which the mortgage was executed, have no application to the question presented for consideration in the case at bar. Those decisions are founded upon distinctions made by the Statutes of Limitations of those States, which do not exist in the statute of this State, or upon the right of possession which there accompanies the ownership of the mortgage. Thus in *Elkins* v. *Edwards*, (8 Geo. 326) which was a suit for the foreclosure of a mortgage, the Supreme Court of Georgia said: "Because the remedy on the note is barred by the statute in six years, it does not

follow that the creditor's remedy on the mortgage, being a sealed instrument, is also barred.  The creditor's remedy on the mortgage is not barred until twenty years—the debt being unpaid."  So in *Thayer* v. *Mann*, (19 Pick. 535) which was a writ of entry to recover possession of the mortgaged premises, the Supreme Court of Massachusetts said : " The creditor has a double remedy, one upon his deed to recover the land, another upon the note to recover a judgment and execution for the debt; and it does not follow that he cannot recover on one, although there may be some technical objection or difficulty to his remedy upon the other."  These decisions are no authority in the case under consideration for the reasons already given, that the statute makes no distinction in the period of limitation between a simple contract in writing and a contract under seal, and a mortgage deed here does not confer any right of possession upon the mortgagee.  It is undoubtedly true, as stated by the Court in the case from Georgia, that the creditor stipulated by contract for two remedies against his debtor to enforce the collection of his demand—the one by action upon the note, and the other by petition and foreclosure upon the mortgage.  Similar remedies he can pursue in this State.  He can proceed upon the note, and take an ordinary money judgment for the amount due ; or he can sue in equity upon the mortgage, and take a decree for its foreclosure and the sale of the premises.  The difference is, that here the limitation prescribed to the equitable suit is the same as that prescribed to the action at law.  The mortgage is as much within the general designation of a " contract, obligation, or liability, founded upon an instrument of writing," as is the note itself.

We do not question the correctness of the general doctrine prevailing in the Courts of several of the States, that a mortgage remains in force until the debt, for the security of which it is given, is paid.  We only hold that the doctrine has no application under the Statute of Limitations of this State.  A mortgage is a specialty, and is not within the terms of the English statute, or of the statutes of most of the States.  An action founded upon such specialty can only be met by proof of payment.  The payment may be established by direct evidence of the fact, and it may be presumed from the lapse of twenty years, when such presumption

is not countervailed by evidence from the mortgagee. " Thus," says the Supreme Court of Maine, in *Joy* v. *Adams*, (26 Maine, 333) " a mortgage security has not been deemed to be within any branch of the Statute of Limitations. He who would avoid such security must show payment; otherwise, the mortgagee will not be precluded from entering upon and holding possession of the mortgaged premises. The mortgagor has not been allowed to defeat such right by showing merely that the personal security, to which the mortgage security is collateral, has become barred (*Thayer* v. *Mann*, 19 Pick. 535) ; but he has been allowed to allege payment, and for proof to rely upon the lapse of time, when it amounted to twenty years from the accruing of the indebtment. Such a lapse of time has been deemed to be sufficient for the purpose, in the absence of any countervailing considerations. This is admitted as a presumption of law, which may be removed by circumstances tending to produce a contrary presumption." The view thus stated is met by our statute, which embraces a mortgage security within its terms. Here payment may be pleaded, and so may the statute itself without reference to the fact of payment.

Our conclusion, therefore, upon the first question presented is, that where an action upon a promissory note, secured by a mortgage of the same date upon real property, is barred by the statute, the mortgagee has no remedy upon the mortgage; that though distinct remedies may be pursued by him, the limitation prescribed is the same to both.

The second question is one of easy solution. The mortgagor, after disposing of the mortgaged premises by deed of sale, loses all control over them. His personal liability thereby becomes separated from the ownership of the land, and he can by no subsequent act create or revive charges upon the premises. He is as to the premises thenceforth a mere stranger. And if, instead of selling the premises, he execute a second mortgage upon them, he is equally without power to destroy or impair the efficacy of the lien thus created. But it is said, that the plea of the statute is a personal privilege of the party, and cannot be set up by a stranger. This, as a general rule, is undoubtedly correct with respect to personal obligations, which concern only the party himself, or with respect

to property which the party possesses the power to charge or dispose of. But with respect to property placed by him beyond his control, or subjected by him to liens, he has no such personal privilege. He cannot at his pleasure affect the interests of other parties. His grantees or mortgagees, with respect to the property, stand in his shoes, and can set up any defense that he might himself have set up to the action, either to defeat a recovery of the property or its sale. In the case at bar, the defendant Morris had sold his interest in the mortgaged premises; and his grantees, with the other defendant, executed the second and third mortgages after the statute had run upon the note secured by the first mortgage. The subsequent revival of that note continued the personal liability of the defendants. Whether it also revived the mortgage executed by them it is unnecessary to express any opinion, as the defendants do not appeal from the decree. The revival could not affect, and did not affect the previously acquired liens of the second and third mortgages upon the property; and the intervenors holding those mortgages could interpose the statute to the enforcement of the first mortgage, so far, at least, as to secure a priority in their liens over that mortgage. The ruling of the Court below, therefore, in postponing the lien of the first mortgage, assuming that the lien was revived, to the liens of the subsequent mortgages, was clearly correct.

Judgment affirmed.