## COSTER v. BROWN — SCHNEIDER, Intervenor.

Where the debt, to secure which a mortgage is given, is barred by the Statute of Limitations, the mortgage is also barred; and if an action is brought to fore-

Coster v. Brown.

close it, one who has purchased or acquired a lien on the property subsequent to the mortgage, has a right to intervene in the action and plead the Statute of Limitations.

APPEAL from the Eleventh Judicial District, El Dorado County.

The facts are stated in the opinion of the Court.

*H. C. Sloss*, for Appellant.

*S. W. Sanderson*, for Respondent.

CROCKER, J. delivered the opinion of the Court—COPE, C. J. and NORTON, J. concurring.

This is an action to foreclose a mortgage. Schneider filed a petition of intervention, alleging that he had purchased the mortgaged premises at a sale under a decree of foreclosure of a subsequent mortgage, and that plaintiff's mortgage was barred by the Statute of Limitations. The plaintiff demurred to the petition, so far as it set up the Statute of Limitations, on the ground that the same did not state facts sufficient to constitute a defense to the action. The Court below sustained the demurrer, and rendered judgment in favor of the plaintiff for the amount of the debt, foreclosing the mortgage and ordering a sale of the mortgaged premises; from which the intervenor appeals.

The note sued on, and to secure which the mortgage was given, fell due on the first day of November, 1857, and this action was not commenced until December 13th, 1861, more than four years after the right of action accrued. We have held in several cases, that a subsequent purchaser or incumbrancer of the mortgaged premises has the right to plead the Statute of Limitations in bar of any action for the sale of the property. (*Lord* v. *Morris*, 18 Cal. 490 ; *McCarthy* v. *White*, 21 Id. 495 ; *Grattan* v. *Wiggins*, 23 Id. 16.) The intervenor had a clear right to intervene in this case, and plead the Statute of Limitations in bar of so much of the relief as related to a sale of the mortgaged premises for the payment of the plaintiff's debt.

The judgment is therefore reversed, and the cause remanded for further proceedings.