## CHARLES A. LOW *v.* PLINY C. ALLEN, ALEXANDER G. RAMSDELL, EUGENE H. THARP, AND GEORGE F. SHARP.

LIEN OF MORTGAGE—STATUTE OF LIMITATIONS.—Where three persons execute their joint mortgage on land to secure their joint and several promissory note to the mortgagee, and one of them leaves the State, and the note afterwards becomes barred by the Statute of Limitations as to the two who remain in the State, the lien of the mortgage is also barred as to the interest of the two in the land, and it can only be enforced against the interest of the one as to whom the note is not barred.

APPEAL from the District Court, Twelfth Judicial District, City and County of San Francisco.

The facts are stated in the opinion of the Court.

*William Barber,* for Appellant.

The obligation entered into by each and all of these parties was of a twofold nature : *First*—A promise by each and all to pay the debt. *Second*—A pledge of their interest in the mortgaged property to secure its payment.

The first of these obligations can no longer be enforced as against two of the promisors, by reason of their plea of the Statute of Limitations; but their liability as mortgagors to secure a debt still outstanding and unpaid, exists in full force. That they cannot be legally compelled to perform one promise, is no reason for holding them discharged from the obligations of another.

The question is not whether they can be sued on their personal promise, but whether the debt exists for which they mortgaged their property. Have they paid this debt? No. Has it been in any manner paid? No. On the contrary, the decree below against Allen shows that it is still unpaid.

If the parties, Tharp and Ramsdell, (who have pleaded the statute,) had never been in any way liable personally for the debt, still the mortgage which they gave to secure its payment would have been legally enforceable against their property. If I pledge my property as security for the debt of a third party, can I set up the plea that I am not personally liable for the debt, in answer to a suit brought to enforce the pledge? If not, how can I plead that, although I was once personally liable for the debt, such liability can no longer be enforced, and therefore, the lien of the pledge no longer exists? Is the fact that I was never liable personally, a weaker plea than that my personal liability did once exist, but has ceased?

When three parties, A., B., and C., make a joint and several note, (say for one thousand dollars,) what is the legal nature of their contract? It is as follows : A. promises to pay one thousand dollars; B. promises to pay one thousand dollars; C. promises to pay one thousand dollars; A., B., and C. promise to pay one thousand dollars, with the understanding that payment by one cancels the debt.

A., B., and C. execute a mortgage as security for the pay-

ment of this note; that is, as security for the fulfilment of each of these promises.

The Statute of Limitations runs in favor of A. and B., and invalidates their promises. C.'s promise is outstanding, and can be and is sued on. What effect has this state of facts on the rights of the mortgagee? The liability of A. and B. for their joint and several promises is gone, and with it all recourse on the mortgage as security for their promises. But as security for C.'s promise, the mortgage is good and valid by its express terms.

As principals, A. and B. are no longer liable; but their property, pledged as security for the fulfilment of C.'s promise, continues liable, notwithstanding their personal exemption from suit as principals on the original obligation.

*George F. & Wm. H. Sharp*, for Respondents.

The fact that defendants are jointly and severally bound, as the plaintiff avers in his brief is the fact here, does not prevent the statute from applying to one and not the other. (*Bogert* v. *Vermilyea*, cited in 1 Code R. 212; 6 Selden, 447.)

In *Robinson* v. *Smith*, it was held that one defendant could avail himself of the statute, although the plea was held bad as to the other. (14 Cal. 254.)

By the Court, Shafter, J.

The defendants, Allen, Ramsdell, and Tharp, executed two promissory notes, jointly and severally, to W. C. Jewett, in the sum of fifteen hundred dollars each, dated September 10, 1853, payable in one year from date; and at the same time executed a mortgage to the payee to secure said notes. Allen left the State in the year 1855, and this action to foreclose the mortgage was commenced July 3, 1860. On the 3d of January, 1856, Ramsdell and Tharp conveyed their interests in the land to Sharp, one of the defendants, subject to the mortgage. The securities came to the plaintiff, by assign-

ment, on the 31st of October, 1853. No personal judgment is claimed against Ramsdell or Tharp. Sharp appeared and pleaded the Statute of Limitations, to which the plaintiff replied that Allen departed from this State in 1855, and that he had not returned to it since. The Court held that the action was barred as to defendant Sharp, and a foreclosure and sale were decreed as to the interest of Allen. The plaintiff appeals.

The question raised is, in effect, upon the sufficiency of the plaintiff's replication to Sharp's plea.

At common law, a mortgage was regarded as a conveyance of a conditional estate which became absolute upon a breach of the conditions. It gave to the mortgagee—except as otherwise provided by stipulations inserted in the instrument —a right to immediate possession. He could peaceably enter upon the land, or support ejectment. The two hundred and sixth section of the Practice Act changes this character of the instrument, and takes from the mortgagee all right to the possession either before or after condition broken, and makes the mortgage a mere lien. (*Fogarty* v. *Sawyer*, 17 Cal. 589.) Following out this view of the nature of a mortgage security under our laws, the late Supreme Court further held, in *Lord* v. *Morris*, 18 Cal. 482, that there could be no remedy upon the mortgage after the remedy was barred upon the mortgage note; and in *McCarthy* v. *White*, 21 Cal. 495, it was held that the grantee of the mortgagor could claim the benefit of this principle. These cases meet the argument submitted for the appellant, in so far as it may be considered to be founded upon the rule of the common law.

According to the analysis of the counsel of the appellant, there were four notes given, in effect—the joint note of the three signers, and the several notes of each of them. The joint obligation is at an end, for it is admitted that neither Tharp nor Ramsdell are personally liable upon the joint promise; and an action on the several promise of each of the two is also barred by lapse of time, and the several promise of Allen is the only one that survives. For all the purposes of argument,

the case is the same as though Allen had given his several note in the first instance, and Tharp and Ramsdell had mortgaged their lands to secure it.   The point made for the appellant is, that Tharp and Ramsdell mortgaged their interest to secure the payment of Allen's several notes, and that by the very terms of the mortgage contract, their interest in the lands is bound until Allen pays or is otherwise discharged. It will be seen that the whole reasoning is based upon the intention of parties as gathered from the terms of the written instrument.   "It must be so, because the parties have so agreed."   Generalize this reasoning, and all contracts, without distinction, would at once be withdrawn from the operation of the Statute of Limitations.   The statute does not bar for the reason that parties have agreed that it shall bar, nor does it fail to bar because parties have failed to agree specifically that it shall not.   The mortgage contract of Tharp and Ramsdell is distinct from the note it was given to secure, and is manifestly one of the "written contracts" on which the statute provides that no action shall be brought except within four years after the cause of action has accrued.   Now a cause of action accrued against Tharp and Ramsdell, on their mortgage contract, as collateral to Allen's several promises, as soon as those promises matured.   Tharp and Ramsdell were both in the State at the time, and, for aught that appears to the contrary, they have been here ever since.

The case presented, then, is within the very language of the statute, and is, furthermore, within the mischiefs against which the Statute of Limitations was intended to guard.

Judgment affirmed.