J. G. SCHMUCKER, et al., v. GEO. W. SIBERT, Assignee, &c.

1. STATUTE OF LIMITATIONS; Acknowledgment to Stranger. An acknowledgment of a debt, made not to the creditor, but to a stranger, does not avoid the running of the statute of limitations.

2. ———— Mortgage to Secure Note. In case of a note and mortgage, the latter being merely an incident to and security for the former, the mortgage is not barred until the note is.

3. ———— As soon as the note is barred, the mortgage is also barred; and

Schmucker v. Sibert.

a grantee of the mortgagor may interpose this defense to an action to foreclose the mortgage, whether the mortgagor does or not.

4. —————— *Note and Mortgage; Revivor of Note.* Where a note and mortgage are once barred, a subsequent revivor of the note by part payment, promise, or acknowledgment of the payor, will revive the mortgage so far as it affects the interest of the payor in the mortgaged premises. But such revivor of the note will not revive the mortgage as against a grantee of the mortgagor, or any other parties who have acquired interests in the mortgaged premises prior to the revivor of the note.

5. CONTRACT BY DEED — *Grantee to Assume Incumbrance.* The acceptance of a deed which in terms provides that the grantee is to assume a certain incumbrance on the granted premises, makes a contract in writing by such grantee to pay that incumbrance, upon which contract the holder of the incumbrance may proceed directly against the grantee, and recover.

6. —————— Such a contract is not a mere waiver of the statute of limitations by promise or acknowledgment, and therefore necessarily to be signed by the party to be charged thereby, but it is an original contract by which the grantee creates a liability that had no existence before.

7. —————— Nor is the contract one merely of indemnity, and to save the grantor harmless; but is a direct agreement and promise to pay the debt, a promise and agreement upon which the statute of limitations does not begin to run until the acceptance of the deed.

8. —————— *Conveyance Subject to Incumbrance.* The same rules obtain where the deed specifies that it is made subject to a certain mortgage; though in the latter case, the promise of the grantee is not to pay the mortgage absolutely, and without any reference to the value of the property conveyed, but only that the premises shall stand charged with the mortgage-debt, and to the extent of its value be appropriated to the payment of such debt.

9. EVIDENCE; *Contract to Pay Mortgage-Debt; Competency.* In an action to foreclose a mortgage, in which subsequent grantees of the mortgagor are defendants, a written agreement between the grantor and grantees, outside of the conveyance, by which for value received the latter promise to pay the note and mortgage, or a certain amount thereof, is competent evidence against the latter.

10. REVIEWING JUDGMENT; *Error in Rejecting Evidence; Practice.* Where testimony is offered, but upon objection is not admitted, and thereafter judgment is rendered against the party making the objection, in proceedings in error brought by said party to reverse the judgment this court will not consider the case as though such testimony was in, although it may appear that such testimony ought to have been admitted, unless it also appear that if admitted its effect must necessarily have been conclusive and could not have been destroyed by further testimony.

8—18 KAS.

*Error from Douglas District Court.*

ACTION by *George W. Sibert,* as assignee of Wm. H. R. Lykins, against Thomas Guest, *J. G. Schmucker, J. N. McConnell,* and *F. W. McConnell,* upon a note and mortgage given by said Thomas Guest, September 29th 1865, to R. A. and E. B. Hayes, which note and mortgage were assigned in October 1867 to said Lykins. The defendants *Schmucker* and *McConnells,* were joined as grantees of Guest. The facts respecting the several conveyances and agreements, are fully stated in the opinion, *infra.* The petition claimed $1,545 as balance due on the note December 19th 1866, and interest thereon from that date, and demanded a personal judgment against all the defendants for such sum and interest, and the foreclosure of the mortgage, and sale of the mortgaged premises. The action was commenced November 25th 1873. Trial at the October Term 1874. A personal judgment was rendered against Thomas Guest for $2,415.09, and a decree was made against all the defendants for the foreclosure of the mortgage. *Schmucker* and *McConnells* appeal, and bring the case here on error for review.

*Nevison & Alvord,* and *S. A. Riggs,* for plaintiffs in error.

*Thacher & Stephens,* for defendant in error.

The opinion of the court was delivered by

BREWER, J.: This case shows, that on the 29th of September 1865, defendant Guest made his promissory note for $2,800, payable in one year thereafter, with seven per cent. interest, and at the same time executed a mortgage on lots 117 and 119 Connecticut street, Lawrence, to secure its payment; that December 19th 1866, he paid thereon $1,500; that the note and mortgage came to the hands of the plaintiff, as the assignee of W. H. R. Lykins, who owns the same; that this action was commenced November 25th 1873; that in October 1873, Thomas Guest, in answer to proceedings of garnishment brought by Chancellor Living-

Statement of facts.

ston, a creditor of Lykins, stated that on March 25th 1868, he was indebted on the note and mortgage in controversy, for the amount thereof, excepting $1,500 paid December 19th 1866, and that Lykins owed him $53; that none of that amount had been paid; that on the 3d of February 1868, the mortgagor, Thomas Guest, conveyed the undivided-half of the mortgaged premises to George Schmucker, and in the conveyance specified that the same was "subject to a mortgage given to R. & E. Hayes for the sum of $1,300, he the said George Schmucker to assume one-half of said amount." George Schmucker accepted the deed, and afterward conveyed the premises to defendant John G. Schmucker. This latter conveyance was dated July 3d 1869, and contained the following clause, "subject to a mortgage given to one R. & E. Hayes, for the sum of thirteen hundred dollars." On the 12th of February 1870, defendant Guest conveyed to F. W. McConnell and J. N. McConnell the other undivided-half of said premises, which conveyance contained the following clause: "There is a certain mortgage outstanding on lots 117 and 119 aforesaid, given by Thomas Guest to Richard A. Hayes and Ebenezer B. Hayes, dated about the 29th of September 1865, *to be paid by Guest.*" The plaintiff below also offered in evidence what purported to be a written agreement dated March 1st 1870, between Guest of the one part, and Schmucker and McConnell of the other. The paper, it was proven, was signed by Schmucker with the firm-name of "Schmucker & McConnell." It contained what Guest testified was the contract between the parties, and was an agreement that certain stock of the value of $1,849.42, should be turned over to Schmucker & McConnell, and that they should pay at least that amount upon the mortgage with the interest thereon at seven per cent., and should indemnify Guest. At the end of the paper are the words, "We do hereby acknowledge the receipt of the above-mentioned stock." The whole is signed, "Schmucker & McConnell." Guest's name is not signed to the paper. An inventory of certain goods left with Schmucker & McConnell was also made out and delivered to

Guest at the same time with the agreement. The district court refused to receive the agreement in evidence; sustaining an objection that it was incompetent, and not an agreement in writing signed by the parties. It permitted the parties to testify as to the parol agreement between Guest and Schmucker & McConnell. Guest testified to an agreement as expressed in the writing. Schmucker and McConnell denied such agreement, but admitted receiving the property, and that it was to indemnify them against the mortgage, as well as for other purposes, and testified that the signature of the firm was simply intended to be to the receipt, and as an acknowledgment that they had such property of Guest's in their possession, and that there was no definite and complete agreement as to what they should do with the proceeds of such property. The court below found that there was due from Guest on the note $2,415.09, and rendered judgment against him for that amount, and entered a decree foreclosing the mortgage and barring all the defendants. It adjudged no personal liability upon Schmucker and McConnell.

Upon these facts it is clear that but for the statute of limitations a recovery against Guest, the mortgagor, of the amount unpaid on the note, and a decree foreclosing the mortgage and barring all the other defendants, would be right. So that the question in the case is, whether and how far that statute protects the plaintiffs in error. Guest, the mortgagor, and against whom the personal judgment was taken, is not here alleging error, and of course we need not consider any error against him except so far as it may affect the present plaintiffs in error. Again, it is also clear, that if nothing had intervened between the last payment on the note and the commencement of this action, the statute would have been a complete bar to any action on the note. More than five years had elapsed after the payment, and before the suit. Still again, it is settled by the decision of this court, that the answer in the garnishee proceedings, though in some sense an acknowledgement of the debt, yet being one made to a mere stranger, and not to the creditor, or to any one acting for or

representing him, does not avoid the bar of the statute. *Sibert v. Wilder*, 16 Kas. 176. And again, so long as the statute does not bar a recovery on the note, it does not a foreclosure of the mortgage. We are aware of the fact that in some states a distinction is drawn between the note and mortgage, and that a foreclosure of the latter may be barred even when a recovery on the note is not. And this in states such as California, where the note is the principal thing and the mortgage only a security for the note. *Wood v. Goodfellow*, 43 Cal. 185. We are not now considering the case of a revivor of the note by payment, promise, or acknowledgement; but refer simply to those cases in which the note never has been barred. In such cases we hold, that the mortgage lives as long as the note it was given to secure; that as no separate action can be maintained on the mortgage, independent of the debt secured by it, so there is no separate application of the statute to it. This is scarcely questioned where the mortgagor and promisor are the same, and the mortgaged premises remain the property of the mortgagor; but it is claimed that a conveyance of the mortgaged premises changes the operation of the statute, and that the grantee may successfully plead the statute to prevent a foreclosure, when his grantor, the mortgagor and promisor, cannot to prevent a personal judgment on the note. But if a payment on the note before the conveyance keeps the mortgage alive while the premises remain the property of the mortgagor, why should it not continue to have the same effect after the title has passed to his grantee? Note and mortgage are separate and distinct instruments no more after the conveyance than before. The relation of each instrument to the other is the same, after as before. One is principal and the other is security. By the conveyance, other parties become interested in the mortgaged premises; so they do by the death of the mortgagor; but in each case the interest is subject and subordinate to the mortgage. By indorsement or guaranty, other parties may become interested in the note; but this does not affect the relation of the note to the mortgage, or cause the

statute to bar the note when it does not the mortgage. This question was before us in the recent case of *Waterson v. Kirkwood*, 17 Kas. 9, 13, 14, in which we took occasion to express our dissent to the views of the California court as announced in *Wood v. Goodfellow*, supra. See also *Palmer v. Butler*, 36 Iowa, 576; *Clinton Co. v. Cox*, 37 Iowa, 570; *Heyer v. Pruyn* 7 Paige's Ch. 465; *Hughes v. Edwards*, 9 Wheat. 490.

Again, when the note is barred, the mortgage is also barred, and a grantee of the mortgagor may interpose this defense to an action to foreclose the mortgage, whether the mortgagor does or not. He may protect the property conveyed to him by a plea of the statute, as to any lien sought to be charged against it. He cannot of course interpose the plea beyond the extent of his interest, and therefore only to prevent a foreclosure. In the case of *Coster v. Brown*, 23 Cal. 142, the court decided that a "purchaser of an estate, subsequent to the mortgage, may intervene and plead the statute;" and further, "when the debt, to secure which a mortgage is given, is barred by the statute of limitations, the mortgage is also barred, and if an action is brought to foreclose it, one who has purchased or acquired a lien on the property subsequent to the mortgage has a right to intervene in the action and plead the statute of limitations." Also, the case of *Grattan v. Wiggins*, 23 Cal. 16, where the rights of a subsequent grantee are more clearly set out, as follows: "In an action to recover judgment for the amount of a debt secured by mortgage on real estate, and also to foreclose the mortgage, the grantees of the mortgagor, purchasers subsequent to the execution of the mortgage, have a right to plead the statute of limitations as to that part of the claim of the plaintiff which asks for a decree foreclosing the mortgage and a sale of the mortgaged premises." Also, see to the same point, *Lord v. Morris*, 18 Cal. 482, 490; *McCarthy v. White*, 21 Cal. 495; *Low v. Allen*, 26 Cal. 141; *Lent v. Shear*, 26 Cal. 361; *Wood v. Goodfellow*, 43 Cal. 185; *Harris v. Mills*, 28 Ill. 44; *Pollock v. Maison*, 41 Ill. 516; *Medley v. Elliott*, 62 Ill. 532.

Once more: When the note is barred, the mortgage is also barred, and no subsequent payment, promise, or acknowledgment can revive the mortgage as to property which the mortgagor has prior thereto conveyed to a third party. Whenever the mortgage is barred, the property is free from the lien. It is, as respects the mortgage, as though the latter had never existed. If therefore the mortgagor no longer owns the property, he cannot impose a burden upon it — his power to bind the property has ceased. He is as powerless over it as though he had never owned it. He can revive the note, as he could give a new note, for no rights but his own are involved. He can revive the old mortgage just so far and so far only as he could give a new mortgage, and that is, to bind his own property. *Day v. Baldwin*, 34 Iowa, 380.

Still further we remark, that the acceptance of a deed which in terms provides that the grantee shall pay off a certain incumbrance, is an undertaking by the grantee to pay the incumbrance, and an undertaking which may be appropriated by the holder of the incumbrance, and upon which he may maintain an action. *Corbett v. Waterman*, 11 Iowa, 87; *Bowen v. Kurtz*, 37 Iowa, 240; *Ross v. Kinnison*, 38 Iowa, 397; *Lawrence v. Fox*, 20 N.Y. 268; *Thorp v. Keokuk Coal Co.*, 48 Iowa, 253; *Burr, Admx., v. Beers*, 24 Iowa, 178. The rule is thus stated by the assistant vice-chancellor in *Blyer v. Monholland*, 2 Sanford's Ch. Rep. 478: "The obligation is not enforced as being made by Monhollands to the complainant for the payment of Fitzrandolph's debt, but as a promise by M. to Fitzrandolph to pay him $2,500 by paying that sum to the complainant in discharge of his debt, which promise the complainant, as the mortgage-creditor of Fitzrandolph, is equitably entitled to lay hold of and enforce." And the law courts have since then held, that a legal action might be maintained by the holder of the security. *Lawrence v. Fox*, 20 N.Y. 268; *Anthony v. Herman*, 14 Kas. 494. Such an undertaking is a contract in writing, and the statute of limitations does not begin to run upon such a contract until the execution of the deed. Nor is it material that this con-

tract is not signed by the grantee. The acceptance of the deed makes it a contract in writing binding upon the grantee, just as the acceptance by a lessee of a lease in writing signed by only the lessor makes it a written contract binding upon such lessee; and suit can be instituted upon it, and the same rights maintained, as though it were also signed by the grantee. And it is not to be considered as a mere promise or acknowledgment, as named in the exceptions to the statute of limitations, and therefore to be signed by the party to be charged. Those exceptions apply to debts already existing against the parties sought to be held; and aim to continue in force prior liabilities. But the grantee in such a deed was not liable before its execution. His liability dates from that. That is the first contract he has made, the first obligation he has assumed. At that time therefore, as to him, the statute first commences to run. Nor is he discharged by the fact that the debt as to the original debtor has since his promise become barred by the statute of limitations. For his contract is an original, absolute promise to pay the debt, and not a mere contract of indemnity, and to save the original debtor harmless. The creditor may ignore the original debtor entirely, and proceed directly and solely upon this promise. The grantee is not simply a surety. His promise is not to see that the original debtor pays, or to pay if he don't. But it is a direct, absolute and unconditional promise to pay the debt to the creditor. Even where there has been only a guaranty of payment, it has been decided that the statute did not commence to run as to the guarantor until the date of his guaranty. *Thomas v. Croft*, 2 Rich, (S. C.) 113; *Cruger v. Daniel*, 8 U. S. Digest, Abbott's Rev. 790; or, 1 McMullan (S. C.) Ch. 157. Upon the same principle, and by the same reasoning, it would seem to be clear, that, where the deed specifies that it is made subject to a certain mortgage, an acceptance of a deed is an undertaking that to the extent at least of the value of the granted premises the grantee shall pay the mortgage. Or in other words, it is an agreement by the grantee that the granted premises shall be used so far as

may be necessary to discharge and pay the mortgage. And as in the case last suggested, and for the reasons there given, the statute begins to run only from the execution of the deed.

We think the written agreement signed by Schmucker & McConnell should have been received in evidence. It was a written agreement to pay this note and mortgage, or at least to pay a certain amount thereon. It recited an ample consideration therefor, was executed less than five years before the commencement of the action; and under the decision in *Anthony v. Herman,* supra, we fail to see any valid objection to its admission. The evidence of an oral agreement was of no value, for it placed such agreement more than three years prior to the commencement of the action. Other objections might also be presented to it.

It does not follow that the case is to be considered here as though the written agreement had been received in evidence, for though the court erred in not admitting it, yet *non constat,* that if admitted no valid defense to it could have been offered. The error is righted by remanding the case for a new trial, and not by considering the testimony as really in the case. For instance, suppose a tax deed were offered in evidence, objections made to it as void upon the face, and sustained. This court on review, if it held the deed *prima facie* valid, should not dispose of the case as though the objections had been overruled and the deed admitted, for if admitted the opposing party might have shown that it was void because prior to any sale the taxes had actually been paid. In other words, a party by objecting to the admission of testimony does not waive all defenses he may have to the testimony if admitted. We notice that some of the authorities cited by counsel for defendant in error seem to sustain their claim, but we are not prepared to assent to it.

We think that upon the record as it now stands before us, no decree of foreclosure and sale should have been entered as to the entire property, but only as to the undivided-half conveyed to Schmucker, and for the satisfaction of one-half the debt. The judgment will therefore be reversed, and the case

remanded for a new trial, unless the defendant in error shall consent to a modification of the decree in accordance with the views herein expressed, such consent to be filed in the district court within thirty days after the receipt of. the mandate in this case. Any error, if error there be, in the decree, as to redemption, can be corrected in the subsequent trial and decree, or after the filing of the consent.

VALENTINE, J., concurring.

HORTON, C. J., not sitting in the case.