The Penn Mutual Life Ins. Co. *v.* Reed et al.

(Decided October 17, 1934.)

*Mr. Charles Weintraub* and *Mr. Russell J. Mack,* for appellants.

*Mr. A. U. Bordner* and *Mr. Albert H. Snively,* for appellee.

Sherick, P. J.   This cause comes to this court on appeal, the appellants being defendant cross-petitioners, Grace White and J. Stanley White, her husband.   The facts pertinent to the question presented are as follows:

The Whites were the owners of certain premises upon which they had executed a mortgage to The Penn Mutual Life Insurance Company.   On June 27, 1931, they entered into a written contract of sale of their premises to Frank and Rowena Wade, wherein the Wades covenanted to assume and pay off the insurance company mortgage.   It was therein agreed that in payment of this conveyance the Wades were to convey to the Whites premises which the Wades then owned.   At the same time the Whites were to execute and deliver

to the Wades a mortgage for $6,600 upon the premises received by the Whites.

On the same day the Wades entered into a written contract by which they agreed to sell the White property to Clair S. and Miriam L. Reed, who likewise therein assumed and agreed to pay off the Penn mortgage.

Each of these separate contracts contained an express provision that the contract was contingent upon the execution and completion of the other contract. In other words, it was the purpose of the contracting parties to effect, by means of these two agreements, a three-cornered trade of their respective properties, and thereby the White property title was to come to repose in the Reeds.

Two days thereafter these two agreements were completely consummated and the various instruments of title passed between the respective parties, except in one particular. It transpired that the Wades suggested that the Whites convey title to their property direct to the Reeds, which was done. This instrument likewise provided that the Reeds assumed and agreed to pay off the Penn mortgage. Thereafter the assuming grantees being in default, the insurance company sought foreclosure of its mortgage. It prayed for personal judgment against the Whites, the Wades and the Reeds. The trial court granted this prayer as against the Whites and the Reeds, but not as against the Wades.

To this suit in foreclosure the Whites plead by way of answer and cross-petition for judgment as against the Wades and the Reeds. This therefore presents in this court the controversy whether the making of the deed direct from the Whites to the Reeds relieved the Wades from the burden of their covenant of assumption, as contained in their contract with the Whites.

It is the claim of the Wades that this deed released them from this obligation upon two theories: First,

that the act of the parties in so doing worked a cancellation of the White-Wade contract, and that they, the Wades, were released therefrom; second, that their contract is merged in the deed and thereby their obligation was destroyed.

It may again here be repeated that this three party arrangement for the exchange of lands was without doubt apparently advantageous to each of the parties interested, and the considerations moving between the Whites and the Wades, and that moving between the Wades and the Reeds, were sufficient to establish a consideration between the Whites and the Reeds. In fact it is established beyond question, for we find that the Reeds, as a part of the consideration for the property conveyed to them, assume and agree to pay off the insurance company mortgage debt. It is further apparent that the Wades obtained something of further value by the conveyance as made. . They escaped payment of recording and transfer fees, as well as being convenienced thereby. We are cited to authorities holding that where a contract is rescinded before the one benefited by the promise of another has acted, or changed position in respect thereto, such rescission bars the promisee thereon from resort to the promise made. This is sound in law, but we are unable to perceive its applicability to the situation here presented. It is plainly indicated by the final covenants of both contracts that each is contingent upon the execution of the other. Thereby it is apparent that all parties were participating toward the accomplishment of a common object, that is, to exchange properties and to finally place title to the White property in the Reeds.

Of the first claim as made by the Wades it may be said that if such a theory is maintainable then the Wades should have been relieved of the burden of conveying their property to the Whites. In other words, they did not need to pay. The fact is, however, that they did pay. They conveyed their property to the

Whites and received back a mortgage thereon, which they have since foreclosed. The whole scheme was unable of accomplishment unless all parties performed their respective parts. We are frank to confess our inability to understand how one should be now heard to assert that he has been freed of an obligation which he has in fact performed.

We recognize the old rule as applied in *Brumbaugh* v. *Chapman,* 45 Ohio St., 368, 13 N. E., 584, that a simple contract for the sale of real estate is merged in a subsequent deed. Examination of that case shows the controversy to have been a matter of acreage in a transaction in which no one was interested save the seller and purchaser. But the present purpose is not so simple. It is equally well recognized by courts of equity that the common law doctrine of merger will not be adhered to when to do so would be to defeat the intention of the parties and do a serious injustice. It is distinctly recognized in *Reid* v. *Sycks,* 27 Ohio St., 285:

"The covenants of the vendee contained in such contract of sale, to assume and pay off said mortgage as part payment of the purchase money, are neither performed, satisfied, surrendered, nor merged by the mere conveyance to him by the vendor, in the absence of anything in the deed, or the acts of the parties showing that such covenants of the vendee have been in fact performed or satisfied."

And the same may be as well said when the property has been conveyed to the vendee's nominee.

Our attention has been called to the cases of *Ludington* v. *Low, Admr.,* 53 N. Y. Super. Ct., 374, and *Schmucker* v. *Sibert,* 18 Kan., 104, 26 Am. Rep., 765, both of which present application of the principle for which the appellants contend.

It is, therefore, the judgment of this court that the Penn company was entitled to personal judgment not only against the Whites, but as against the Wades, on

their covenant of assumption as contained in their contract with White and his wife, and as against the Reeds upon the same covenant which appears in their contract and the deed which they have accepted, and that the appellants are entitled to recourse upon them as claimed. Judgment may be entered accordingly.

*Decree accordingly.*

LEMERT and MONTGOMERY, JJ., concur.