## WILD *v.* STEPHENS ET AL.

MORTGAGE—FORECLOSURE—SUBSEQUENT INCUMBRANCERS.—While the mortgagor, in an action of foreclosure, may, if he desires, plead the statute of limitations, it is a personal privilege, and does not pass to subsequent incumbrancers.

IDEM.—Although the note for which a mortgage is given as security upon real estate may be barred by the statute of limitations, yet if such mortgage is not likewise barred, the mortgagee still retains sufficient equitable interest therein to enable him to foreclose the same.

APPEAL from the First District Court for Laramie County.

A full statement of the case will be found in the following opinions.

*D. McLaughlin,* for complainant and appellee, contended:

I. That the laws of Wyoming postpone an unrecorded conveyance only as against a subsequent purchaser or incumbrancer in good faith for a valuable consideration, citing: 4 Kent's Com. 165-178; Id. 456-459; *Dickenson* v. *Tillinghast,* 4 Paige, 215.

II. That defendants, appellants, could not appear in this cause to plead the statute of limitations, and citing: Angell on Lim. 449; 4 Kent's Com. 136, 154; 2 Blackstone, 157; *Bank of Metropolis* v. *Gullslick,* 14 Pet. 19; *Lord* v. *Morris,* 18 Cal. 488; Wyoming Code, 1869, 509.

III. That though the notes be barred, the lien of the mortgage remains good, citing: *Sparks* v. *Pico*, 1 McAllister; U. S. Cir. Court R. 479; *Longworth* v. *Taylor*, 2 Superior Court (Ohio), 39; *Almy* v. *Wilber*, 2 Woodb. & M. 371; *Thayer* v. *Mann*, 19 Pick. 535.

IV. That judgments are liens upon the legal estate of judgment debtors, and not upon their equitable interests, citing: *Jackman* v. *Halleck*, 1 Ohio, 318; *Douglas* v. *Houston*, 6 Id. 156; *Barr* v. *Hatch*, 3 Id. 527; *Roads* v. *Symmes*, 1 Id. 281; Laws of Dakota, 1867–8, 232; *Bachman* v. *Sepulveda*, 29 Cal. 688; Laws of Wyoming, 1869, 707; Freeman on Judgments, secs. 407, 409; 1 Greenl. on Ev. secs. 501, 503.

V. That the assignment of a note secured by mortgage transfers all the rights secured by the mortgage, citing: *Pain* v. *French*, 4 Ohio, 318; 8 Id. 222; 1 Johns. 509; 5 Cowen, 203; 4 Id. 43; 9 Wend. 80; 13 Barb. 203; 23 Id. 461.

*E. P. Johnson and W. W. Corlett,* for appellants, contended that:

I. The decree declares that the judgments of Stephens and Babcock & Co., are not liens upon the property described in the mortgage, whereas the statute expressly declares a judgment to be a lien on real estate from the first day of the term at which it was rendered, and not later than the date of rendition: Laws of 1869, sec. 446, p. 594. And in absence of statutory provisions, it would be a lien at common law: Freeman on Judgts. sec. 339. The judgments being liens subject only to the prior lien of the mortgage, the judgment creditors became subsequent incumbrancers, and were properly parties in the foreclosure suit. It was, however, held by the court below, that the judgments were not liens on the interest of the mortgagor, as his interest was simply an equitable one; such holding was, however, directly in the face of all authority of any pretension to

respectability on that subject. Equity has always considered a mortgage simply a security, a chattel interest: Story on Eq. Jur. secs. 1013-1017; 2 Wash. Real Prop. 96, 151; *Carpenter* v. *Logan*, 16 Wallace, 271; 4 Kent, *158-162; *Phelps* v. *Butler*, 2 Ohio, 223; *Ely* v. *McGuire*, Id. 223; *Hitchcock* v. *Harrington*, 6 Johns. 290; *Jackson* v. *Willard*, 4 Johns. 41; *Eaton* v. *Whitney*, 3 Pick. 484; 2 Blackstone, book 3, *435; *Eyster* v. *Goff*, U. S. Sup. Court Legal News, Feb. 20, 1876; 2 Wash. on Real Prop. *546.

II. Appellants, being subsequent incumbrancers and parties to the bill, had a right to set up the defense of the statute of limitations in bar of complainant's claim. The defense, though in general a personal privilege, may be set up by any one interested in the claim to which it is interposed: Angel on Lim. 289, 301, 302; *Forel* v. *Langee*, 4 Ohio St. 464; *Lord* v. *Morris*, 18 Cal. 482. That courts of equity are governed by the law limiting actions equally with courts of law: Angel on Lim. 20-24.

III. The court below erred in finding that there was any sum due complainant on the notes. There is no covenant in the mortgage for the payment of money. The only obligation in that direction recognized in the mortgage, is that arising on the notes therein recited, and which the mortgage is given to secure. The notes sued on were given June 1, 1869. At that time the laws of Dakota were in force here, but they were repealed January 1, 1870: Laws of 1869, 707. The limitation law of 1869 required action to be commenced within five years after cause therefor accrued: Laws of Wyoming, 1869, 510. The code of 1869 is the code in force for the purposes of this action; Laws of 1873, sec. 710, page 163. This bill was filed May 28, 1875. There had been no payments made on the notes of principal or interest, and action thereon was fully barred a long time prior to the commencement of the action. The court, therefore, erred in its findings and decree. Defendant's cross-bill should have been dismissed, but the prayer thereof granted, and plaintiff's bill dismissed.

By the Court, FISHER, C. J.: This was an action in chancery, brought to this court from Laramie county at March term, A. D. 1876. The record in this case shows that on the first day of June, A. D. 1869, at Cheyenne, Laramie county, Wyoming territory, Isaac W. French, defendant in this action, made and delivered to one Henry J. Rogers three promissory notes, amounting in the aggregate to the sum of three thousand six hundred and ten dollars and seventy-four cents; two of them payable in sixty and ninety days and one at four months from the date thereof.

On the second day of June, A. D. 1869, the said French executed and delivered to the said Rogers a mortgage on certain lots in the city of Cheyenne to secure the payment of said notes. This mortgage was recorded in the records of Laramie county on the second day of April, A. D. 1870.

On the eighth day of November, A. D. 1869, John Stephens commenced a suit in the district court in and for Laramie county, in said territory, against Virginia G. Adams, Helen Green and Isaac W. French, partners as Adams, Green & Co., and Gilbert Adams. On the thirtieth day of April, A.D. 1870, a judgment was entered against defendants and in favor of said plaintiff for the sum of five hundred and sixty-eight dollars and five cents.

On the eighth of August, A. D. 1871, at the July term of the district court, in and for Laramie county, Francis M. Babcock and John Babcock, partners as Babcock & Co., recovered a judgment against Virginia Adams, Helen M. Green and Isaac W. French, late partners as Adams, Green & Co., and Gilbert Adams. The record states that on the day above named came the parties, and by agreement the cause is tried by the court, and a judgment was rendered against defendants, and in favor of plaintiffs, for the sum of four thousand one hundred and fifty-eight dollars and twenty-seven cents. The record fails to show how jurisdiction was obtained, but states that a trial was had by the agreement of parties.

It will be observed the singular mixture of the names of

the parties. The Babcock firm, who recovered judgment against Adams, Green & Co., is shown by the record to be composed of Francis M. Babcock and John Babcock, whilst the firm contesting in this action is composed of Thomas W. Babcock and John Babcock. This discrepancy of names is sufficient, in my judgment, to dismiss them as parties in the future consideration of this case, and I shall, therefore, confine myself to a discussion of the relations existing between John Stephens and the estate of Isaac W. French and J. E. Wild.

The appellants, upon the argument in this court, abandoned every objection which they had set up against the proceedings in the district court, except the plea of the statute of limitations. They claim that inasmuch as more than five years had elapsed from the date of the notes given by French to Rogers before suit was brought on them, that the statute, if pleaded, would become a bar to a recovery upon them, and that a failure to bring a suit on the notes, or to institute proceedings to foreclose the mortgage, it would only be necessary to plead the statute to defeat a recovery on either the notes or on the mortgage, because they allege that the statute runs against the mortgage as well as against the notes. And that the judgment creditors had such an interest as would justify and empower the judgment creditors to plead the statute in bar of the rights of the mortgagee to recover.

From the above statement of this case I am relieved from the duty of any extended labor in disposing of the questions raised, and will content myself with saying that, in my opinion, no matter whether the statute might be pleaded against a recovery on the notes or not, the mortgagee certainly has an equitable right to recover on his mortgage, and I am supported in this view by ample authority, the case of *Sparks* v. *Pico*, found in 1 McAllister C. C. Rep. 479, cited in Angell on Lim. 87, note 5, where this language is used: "But if action was barred by the statute of limitations, nevertheless the foreclosure of the mortgage may be

proceeded with, at any time within the period of twenty years, by suit in equity."

The same doctrine is held in the case of *Longworth* v. *Taylor*, 2 Superior Court of Ohio, cited in Seney's Code, 13, note 49. This is the universal doctrine, unless it is differently provided for by statute. So that I have no doubt as to the right of the mortgagee to foreclose, notwithstanding the fact that the notes are barred, should the statute be pleaded. The statute of limitations, however, is a personal privilege, but it is only a privilege, and a debtor is not compelled to set it up, even though the notes may have run for twenty years, and even though that privilege attaches to the mortgage as well as to the notes, and while the mortgagor, in that case, has the right to plead the statute, if he fails to do so the mortgagee and payee of the notes may proceed to foreclose or collect by suit on the notes.

A subsequent judgment creditor undoubtedly has the right to plead the statute of limitation so as to defeat a prior incumbrance, if he is placed in a position to do so. But before he can set up such a plea he must occupy a position freed from all doubt on the question. How then do the parties to this action stand? I pass over the judgment obtained by Francis M. Babcock and John Babcock, partners as Babcock & Co., because I find that they are not contestants, but find that Thomas W. Babcock and John Babcock have some how got their names before this court. I therefore dismiss them and proceed to show that John Stephens is not in a position to plead the statute of limitations. John Stephens recovered a judgment against Adams, Green & Co., and it is admitted that Isaac W. French was a member of that firm. But before Stephens can interfere with the individual interests of French as a member of the firm, he must show affirmatively that he has exhausted his remedy against the firm. And after he has done so, section 833 of the code of civil procedure of 1869 of Wyoming Territory provides that: "If the plaintiff in any judgment rendered against any company or partnership

shall seek to charge the individual property of persons composing the firm, it shall be lawful for him to file a bill in chancery against the several members thereof, setting forth his judgment and the insufficiency of the partnership property to satisfy the same, and have a decree for the debt and an award of execution against all such persons or any of them as may appear to have been members of such company, association or firm.

Now if it is lawful for the judgment creditor to proceed in the way pointed out by this section, surely it is unlawful for him to proceed against the individual members of a firm in any other way. Mr. Stephens having failed to pursue his remedy in the way provided by law, I think his relation to the decree of Wild in foreclosing the mortgage is too remote to give him any standing in this court.

The proceedings in the court below are affirmed.

By THOMAS, J., dissenting. Appeal by John Stephens and Babcock & Co. from a decree entered in the first district court in favor of complainant at the May term, 1875. The defendants, French, Rogers and Nuckolls do not join in the appeal.

A bill in chancery was filed by said complainant to foreclose a mortgage executed by French in 1869 to secure the payment of certain notes therein named. French made default; but the defendants, John Stephens and Babcock & Co., having obtained judgments against French, subsequent to the execution of the mortgage, made defense as subsequent incumbrancers by setting up the statute of limitations, with alleged defects in the mortgage and its record, and by cross-bill prayed affirmative relief, viz: the cancellation of the mortgage and a decree of priority for their liens over that of the mortgage. Upon the argument of the cause in this court the only question referred to by counsel was the effect of the statute of limitations and the right of the appellants to plead the same, but the questions as to the alleged error in the mortgage and otherwise were raised

in the briefs submitted.    An amended complaint was filed by the plaintiff making the appellants herein additional defendants.    It is claimed by the appellees that this was done upon the application of the appellants; but nothing is found in the case before us to show it.    It appears by the records of the district court to which reference is made in the record in question, that executions have been issued upon the judgments obtained by the appellants and returned wholly unsatisfied.

I believe that from an examination of said record that the decision of the district court should be reversed upon at least two very material points.    The first is, that the statutes of this territory settle for us the law of limitations of actions, and consequently a very large number of authorities cited, which might be applicable elsewhere, are not pertinent to this case.    The laws of Wyoming, for the year 1869 (see p. 510, sec. 19), under the head of limitations, read as follows: "Within five years; an action upon a specialty, or any agreement, contract or promise in writing, or on a foreign judgment."

It will be seen that this differs materially from the statutes of most states, which provide that an action may be brought upon an instrument under seal within twenty or twenty-one years; while the legislature of this territory for 1873 materially changed and modified our statute of limitations; that act contains a broad saving clause to the effect that it shall not apply to notes and instruments previously executed.    Consequently, the statement in the brief of the appellee, that this case comes within the provisions of the act of 1873, is incorrect, for it does fall within the provisions of the act of 1869, hereinbefore quoted.    It therefore seems unnecessary to consider the question upon which the appellee placed very great importance in his brief and upon the argument—that is, whether a mortgage, being an instrument under seal, executed to secure the payment of certain notes, can be foreclosed when the notes to secure which it was given are conceded to be barred under said statute,

if the statute is plead to such foreclosure. Although this is extensively discussed in the opinion of the majority of the court, I am of the opinion that it is entirely irrelevant, as the statutes before referred to say in effect that an action either upon a note or a mortgage, being even under seal, shall be commenced within five years, etc. From the provisions of the law of 1873, this is certainly the rule that governs in this case, and both the notes given and the mortgage in issue are barred by the statute.

Are the appellants, as judgment creditors of I. W. French, entitled to plead the statute of limitations? It is urged by the appellee that they are not:

1. For the reason that at the time of recovering the judgments, Wild, and not French, was the legal owner of the real estate mentioned, and that said judgments were not a lien upon it, as French then was the owner only of the equity of redemption;

2. That they were not personal judgments against French;

3. That the appellants should have at least exhausted their remedies against the copartnership property of Adams, Green & Co., before proceeding against the individual property of French.

I am of the opinion that the laws of the territory (see laws of 1869, p. 594, sec. 446), furnish a complete answer to the first objection, and if not, that the rules of common law are: See Freeman on Judgts. sec. 339, and many other authorities cited in the briefs of appellant.

In reference to the second, it appears, from the records of the two judgments, that French was personally sued and personally served, consequently those judgments would be good against his individual property, as well as against the property of the copartnership.

As to the last objection, the records, before referred to, show that executions have been issued in more than one instance against the copartnership property of Adams, Green & Co., and returned wholly unsatisfied, but I am of the opinion that even this was not required; that the judg-

ments were personal judgments against said I. W. French, as before stated; and that it was not incumbent upon the appellants to show that they had exhausted any remedies against the copartnership property.

I am unable to see that section 833, of the code of civil procedure, as cited in the opinion of this court, has any bearing upon this case whatever, and should be considered only in reference to section 830. Further, the appellants, being subsequent incumbrancers, had undoubtedly the right to plead the statute as against the complainant: See Angel on Limitations, pp. 289, 301 and 302, under notes 1, 2 and 4 respectively; also 4 Ohio St. 464; and 18 Cal. 482. But the most complete answer to these various objections is the fact that the pleadings herein, taken together, fully admit the rights of the appellants, as claimed by themselves. The complainant voluntarily sets them up in his bill. These defendants do likewise in their answer. No denial whatever, is made, and no issue raised thereupon whatever. It further appears to me that in the examination of these pleadings, we find a full answer to the objection contained in the opinion filed in this court, as to the misnomer of certain parties appellants mentioned in the Babcock judgment. The error, if any there be, was made by the complainant, and under the general rules he should not be entitled to receive any benefit therefrom.

In concluding the case in the district court, and upon appeal from said court, the title first set forth in the complainant's bill of complaint has simply been followed, and no exceptions whatever were taken thereto. I cannot agree with another portion of that opinion, where it states that the record does not show how the court obtained jurisdiction, but adds that the parties were present, appeared in court and agreed to proceed with the trial of the cause. Appearance in open court and consent by all parties to proceed to trial, should certainly confer jurisdiction.

The bill of the complainant should have been dismissed, and the prayer contained in the cross-bill granted.