## SAMUEL BRODEK v. JOHN S. ELLIS.

WHEN ASSIGNOR OF AN ACCOUNT MAY BE A WITNESS. — A person who assigns a demand of his own to another for the purpose of enabling that other person to bring a joint action upon a demand of his own, and upon the one assigned, the assignor paying his proportion of the costs and sharing in the proceeds of

19

the recovery, is a party in interest within the meaning of the four hundred and twenty-second section of the Practice Act as amended in 1861, and if an attachment is issued in said action, and the Sheriff seizes goods by virtue of the same, and a suit is brought against him for damages for the seizure, and the plaintiff offers himself as a witness on his own behalf, upon notice given, the person who made the assignment may offer himself as a witness on behalf of the Sheriff, upon the same points, without giving notice.

APPEAL from the District Court, Twelfth Judicial District, City and County of San Francisco.

September 6th, 1862, William Meyer and L. Wormser commenced an action in the District Court, Fourth Judicial District, City of San Francisco, against Brodek Brothers, to recover judgment for two thousand four hundred and eighty-four dollars and fifty-eight cents. This sum was made up of a demand due plaintiffs, and demands assigned to them by several mercantile firms, and among the number, L. King & Co. An attachment was issued in the action, and by virtue of the same, the Sheriff levied on a quantity of boots, shoes, and clothing, as the property of Brodek Brothers.

Samuel Brodek claimed to own the goods, and on the 11th day of September, 1862, commenced an action against the Sheriff to recover judgment for a return of the property and damages. The Sheriff justified the taking under the writ, claiming that the goods were the property of Brodek Brothers, and that plaintiff was one of the firm.

On the trial, plaintiff was called as a witness on his own behalf to prove that he owned the goods and that he was not a member of the firm of Brodek Brothers.

Plaintiff recovered judgment, and defendant appealed.

The other facts are stated in the opinion of the Court.

*G. F. & W. H. Sharp,* for Appellant.

*A. Campbell,* for Respondent.

By the Court, SAWYER, J.

This was an action to recover certain personal property, which had been seized by the defendant, as Sheriff, under an

attachment issued in the case of *Meyer and Wormser* v. *Bro-
dek Brothers.* Plaintiff recovered, and defendant appealed.
Defendant offered one Leopold King as a witness, to prove
that plaintiff was one of the firm of Brodek Brothers, defend-
ants in the attachment suit—one of the issues in the case.
On *voir dire,* King testified that he was one of an association
of merchants known in San Francisco as the " Combination ;"
that, according to their rules, when information was received
by one of the association that a customer was about to fail,
notice was immediately given to the other members, and such
of them as had demands against the failing customer assigned
them to some one or more of the members of the association,
and an attachment suit was commenced in their names against
the common debtor for the aggregate amounts due the parties
interested—the members sharing the expense of the litigation
which might follow, and dividing the amount realized in pro-
portion to the amount of their respective claims ; that the firm
of which he was a member was a creditor of Brodek Brothers ;
that the firm had assigned to Meyer and Wormser their account
against Brodek Brothers, and that this account thus assigned,
in pursuance of the rules of the " Combination," formed a part
of the demand claimed in the attachment suit in which the
goods were seized. Plaintiff objected to the witness on the
ground that the suit was defended for his benefit to the extent
of his share in the amount claimed in the attachment suit pros-
ecuted in the name of Meyer and Wormser, and he was there-
fore interested in the event of the suit. The Court sustained
the objection ; defendant excepted, and this ruling is relied on
as error.

The plaintiff had before been examined upon the same point
on his own behalf, upon notice in pursuance of section four
hundred and twenty-two of the Practice Act, as amended in
eighteen hundred and sixty-one. Section four hundred and
twenty-two, as then in force, provides that " a person for
whose immediate benefit the action is prosecuted or defended,
though not a party to the action, may be examined as a wit-
ness in the same manner, and subject to the same rules of

examination, as if he were named as a party ;" and then provides that a party may be examined in his own behalf, upon giving ten days notice in writing to the adverse party of such intended examination, specifying the points upon which he intends to be examined ; " and whenever a party or person in interest has been examined under the provisions of this section, the other party or person in interest may offer himself as a witness in his own behalf, and shall be so received." Upon a careful examination of this section, in connection with the other provisions of the Practice Act relating to the subject, we are satisfied that King was a party in interest within the meaning of section four hundred and twenty-two ; and the plaintiff having offered himself and been examined as a witness upon the same point on his own behalf, that King was also entitled to be examined on *his* own behalf without giving any notice.

It is insisted by respondent that King falls within the provisions of each of sections four, three hundred and ninety-two, three hundred and ninety-three and three hundred and ninety-four. Conceding this to be so, the plaintiff also falls within some of those provisions and would be incompetent under them. But section four hundred and twenty-two, subsequently passed, provides that upon certain prescribed conditions he may, at his election, testify on his own behalf, notwithstanding his interest ; but the consequence imposed on him by the same section is that, if he does so, the opposite party or person in interest shall also be received as a witness on *his* own behalf. The plaintiff availed himself of the privilege and he must submit to the consequences.

The Court erred in excluding King's testimony. As the matters offered to be proved by him were material, the judgment must be reversed on this ground and a new trial had, and it is so ordered.