(March 12, 1897.)

## LAW, ADMINISTRATOR, v. SPENCE.

[48 Pac. 282.]

MORTGAGE LIEN—HOMESTEAD.—Under the law of Idaho a mortgage lien cannot be defeated by a declaration of homestead made after the mortgage lien attaches.

RESIDENCE—HOMESTEAD—COMMUNITY PROPERTY.—The only estate or interest the wife has in that portion of the community property which is occupied as a residence, and not dedicated as a homestead, is subject to the control of the husband, except as to alienation or encumbrance, as prescribed by the statutes.

ABANDONMENT OR CHANGE OF RESIDENCE WITHOUT CONSENT OF WIFE.— A residence can be changed or abandoned at any time by the husband without the consent of the wife, and when such change or abandonment has taken place the property is again under the absolute control of the husband, unless the same has been dedicated as a homestead, as provided by law.

STATUTE OF LIMITATIONS.—But one action can lie for the recovery of any debt secured by a lien upon real or personal property in this state, 'and where such action is barred by the statute of limitations as to the debt, the lien is carried with it and is likewise barred, and whatever will prevent the running of the statute upon one will prevent it upon both.

(Syllabus by the court.)

APPEAL from District Court, Bear Lake County.

J. C. Rich, for Appellant.

Defendant R. S. Spence paid from maturity of the note, November 1, 1889, to January 1, 1891, monthly, interest payments, and indorsed same in his own handwriting on the note itself. These indorsements were evidence of part payments, and each was an acknowledgment of the debt, and the statute was suspended by each of these payments, by reason of such indorsement by said defendant. The indorsement made in manner above, by the defendant, was an acknowledgment signed by him. (*Hawkins v. Chace,* 19 Pick. (Mass.) 505; *Penniman v. Hartshorn,* 13 Mass. 87; *Auzerais v. Naglee,* 74 Cal. 60, 15 Pac. 371.) A distinction between "sign" and "subscribe" is recognized, the latter meaning that the name should be signed at end of document, while former does not mean that it should. (*James v. Patten,* 6 N. Y. 13, 55 Am. Dec. 376, and note; *Clason v. Bailey,* 14 Johns. 484.) In the Kelly-Leachman case this court lays down the following propositions, to wit: 1. Giving a note for interest due on a mortgage debt removes the bar of the statute; 2. A mortgage is a mere incident of the debt which it secures; 3. Statutes of limitation act on the remedy only, and not upon the debt; 4. The lien of a mortgage is not impaired so long as the debt is not extinguished, nor right to enforce lost. (See *Kelly v. Leachman,* 3 Idaho, 629, 33 Pac. 44, 34 Pac. 813, and cases there cited; *Lent v. Morrill,* 25 Cal. 492.)

Reeves & Terrell, Chalmers & Beckwith, Hawley & Puckett, C. M. White and R. S. Spence, for Respondents.

A wife may pledge or mortgage her property for her husband's debt, and if she does so such property occupies the position of a surety or guarantor, and will be discharged by anything that would discharge a surety or guarantor who was personally liable. (Brandt on Suretyship and Guaranty, sec. 22; 11 Md. 465; *Denison v. Gibson,* 24 Mich. 187; *Spear v. Wood,* 20 Cal. 659; *Hassey v. Wilke,* 55 Cal. 528; *Hubbard v. Ogden,* 22 Kan. 258; *Bank of Albion v. Burns,* 46 N. Y. 171.) When the debt is barred by the statute of limitations the lien of the mortgage is discharged. (2 Jones on Mortgages, sec. 1207; *Lord v. Morris,* 18 Cal. 482; *Low v. Allen,* 26 Cal. 141; *Wood v. Goodfellow,* 43 Cal. 186; *Barber v. Babel,* 36 Cal. 11;

*Gleason v. Spray,* 81 Cal. 217, 15 Am. St. Rep. 47, 22 Pac. 551; *Merced Bank v. Rosenthal,* 99 Cal. 39, 31 Pac. 849, 33 Pac. 732.) Part payment by one joint debtor or his promise or acknowledgment without the assent or knowledge of the others before or after the statute of limitations has run against the debt, will not bind the others. (*Cowhick v. Shingle,* 5 Wyo. 87, 63 Am. St. Rep. 17, 37 Pac. 689; *Bergman v. Bly,* 66 Fed. 40; *Kallenbach v. Dickinson,* 100 Ill. 427, 39 Am. Rep. 47; *Van Keuren v. Parmelee,* 2 N. Y. 523, 51 Am. Dec. 322, and note; *Shoemaker v. Benidick,* 11 N. Y. 181, 62 Am. Dec. 95, and note; *Winchell v. Hicks,* 18 N. Y. 558; *Littlefield v. Littlefield,* 91 N. Y. 203, 43 Am. Rep. 663; *Beitz v. Fuller,* 10 Am. Dec. 697, notes; *Union Water ·Co. v. Murphy's Flat Fluming Co.,* 22 Cal. 621.) The homestead right is favored in the law, and when it is made security for debt by the signature and consent of the wife, it is favored even more than a surety, or the security given by a third person. (*Dunn v. Buckley,* 56 Wis. 190, 14 N. W. 68; *Jones v. Dow,* 18 Wis. 241; *White v. Polleys,* 20 Wis. 503, 91 Am. Dec. 432; *Lloyd v. Frank,* 30 Wis. 306; *Boyd v. Ellis,* 11 Iowa, 97.) When a note and mortgage are once barred by limitations the mortgagor by a subsequent promise or acknowledgment cannot revive the debt or mortgage against his grantee or other persons who have acquired interest in the premises prior to such revivor. (2 Jones on Mortgages, sec. 1202; *Schmuker v. Sibert,* 18 Kan. 104, 26 Am. Rep. 765; *Day v. Baldwin,* 34 Iowa, 380.) An acknowledgment of a debt which will take the case out of the statute of limitations must be unqualified and unconditional. (*Wetzell v. Buzzard,* 11 Wheat. 309; *Bell v. Morrison,* 1 Pet. 351, 7 L. ed. 174; *Moore v. Bank,* 6 Pet. 86, 8 L. ed., 329; *Clementson v. Williams,* 8 Cranch, 72, 3 L. ed., 491; *Eubanks v. Leveridge,* 4 Saw. 274, Fed. Cas. No. 4544; *Hardy v. Harbin,* 4 Saw. 536, Fed. Cas. No. 6060; *Bangs v. Hall,* 2 Pick. 368, 13 Am. Dec. 437; *Weston v. Hodgkins,* 135 Mass. 326.)

HUSTON, J.—On October 31, 1888, the defendant R. S. Spence made, executed and delivered to one Hannah B. Humphreys his certain promissory note for the sum of $2,500,

which note was payable, by the terms thereof, on or before the first day of November, 1889, with interest at the rate of one per cent per month from date until paid, interest payable monthly. To secure the payment of said note and the interest thereon according to the terms thereof, the said R. S. Spence and Eliza Spence, his wife, on the first day of November, 1888, executed and delivered to said Hannah B. Humphreys a mortgage upon certain real estate in the village of Paris, county of Bear Lake, state of Idaho. To further secure the payment of said note and the interest thereon according to the terms thereof, the said R. S. Spence, on the said first day of November, 1888, made and delivered to the said Hannah B. Humphreys a certain chattel mortgage upon certain law books, constituting either in whole or in part the law library of the said R. S. Spence. These mortgages were duly acknowledged and recorded. The interest was paid upon said note to September 1, 1891, and thereafter payments of interest were made up to November 11, 1893, the date of the death of said Hannah B. Humphreys. On the fourteenth day of August, 1893, September 13, 1893, September 14, 1893, and October 13, 1893, said R. S. Spence delivered to the agent of said Hannah B. Humphreys written orders, drawn and signed by himself, for sums varying from eight dollars and twenty cents to sixteen dollars and eighty cents, upon the firm of Lewis & Lewis, which orders were duly paid by said firm, and the amount thereof duly indorsed upon said note. The said Hannah B. Humphreys died on the eleventh day of November, 1893. On the eighth day of January, 1894, the plaintiff was duly appointed administrator of the estate of said Hannah B. Humphreys, deceased, qualified as such administrator, and entered upon the discharge of his duties. On the eleventh day of January, 1895, this action was commenced. The complaint sets forth the facts substantially as hereinbefore stated. To this complaint defendants filed a general demurrer, also demurrer setting up the statute of limitations, and various other grounds, all of which were by the court overruled as to the defendant R. S. Spence, but sustained as to the defendant Eliza Spence. Defendant R. S. Spence, having leave of the court so to do, on February 22, 1895, filed his answer, wherein

he admits the execution of the note and mortgages as set forth
in plaintiff's complaint, admits the payment of the taxes upon
the mortgaged premises by the plaintiff and by his intestate
for the years 1892, 1893 and 1894. There were two inter-
ventions in the case, but, as they are not concerned in this
appeal, it is unnecessary to consider them. After the filing of
the answer of said defendant R. S. Spence, to wit, on February
23, 1895, plaintiff moved the court for leave to file the follow-
ing amendment to his complaint: "Comes now the plaintiff
in the above-entitled action, by leave of court first had and
obtained, files this, his amendment to his complaint herein,.
and to the first cause of action herein stated, and, in addition
to the matter stated herein, alleges: That the note, which is
fully set out on page 2 of the complaint, was given by the de-
fendant R. S. Spence in settlement of moneys received by said
defendant as the attorney of the said Hannah B. Humphreys.
That the said defendant was employed by said Hannah B..
Humphreys prior to the first day of October, 1888, to collect.
and receive moneys due said Hannah B. Humphreys from the
estate of her deceased brother, William Winks Bocock, in
England; and that as such attorney, and acting for said.
Hannah B. Humphreys, the said defendant R. S. Spence did,.
prior to the thirty-first day of October, 1888, receive for the
use and benefit and the property of said Hannah B. Humph-
reys more than $3,000 in lawful money. That out of said
money so received by him the said defendant R. S. Spence re-
tained, over and above his commission and charges for ser-
vices rendered in that behalf, the sum of $2,500, for which he
gave said note, and to secure which he executed the real estate
mortgage and the chattel mortgage mentioned in the complaint
herein. That said defendant R. S. Spence prepared said
chattel mortgage, signed and acknowledged the same, and de-
livered the same to said Hannah B. Humphreys, who, by
reason of said relation of attorney and client between herself
and said defendant, relied upon said defendant to prepare
said chattel mortgage, and took the same in good faith, be-
lieving it to be sufficient in form and effect"—which motion
was denied by the court. Defendant R. S. Spence also alleges.
in his answer that on the twelfth day of January, 1895, the-

day after the complaint was filed, but (said defendant avers) before the summons in said case had been served on him, the said defendant filed a declaration of homestead upon the real estate covered by the mortgage aforesaid. The cause was heard before the court without a jury, and, upon the findings of fact and law by the court, judgment was entered against the defendant R. S. Spence and in favor of the plaintiff for the sum of $3,504.26, with interest from the eleventh day of January, 1895, at ten per cent per annum, and a decree of foreclosure of the chattel mortgage, subject to the claim of the intervener, Hoover, who held a chattel mortgage upon a portion of the law books covered by the mortgage held by plaintiff, and which, it would seem, from some defect in the latter instrument, had been given precedence over it.

The only question involved in this appeal is as to the correctness of the first conclusion of law as found by the district court, which is as follows: "That the real estate described in foregoing finding No. 4 is not subject to the said mortgage lien claimed by the plaintiff, the said mortgage having been barred by the statute of limitations in such cases made and provided, before the commencement of this action; and as to the defendant Eliza Spence, and having been and now being used as a homestead." The somewhat indistinct wording of this "conclusion of law," and the fact that the real estate mortgage is not mentioned or alluded to in the judgment, make it somewhat difficult to determine just what conclusion the learned judge of the district court really came to. The court finds that neither the note nor the chattel mortgage is barred by the statute of limitations, and renders judgment against the defendant R. S. Spence for the full amount claimed, and also a decree of foreclosure of the chattel mortgage, subject to that of the intervener, Hoover. If it was the intention of the district court to hold that the real estate mortgage was barred, while the remedy upon the notes still survived, we have simply to say that such holding is directly opposed to the decision of this court in the case of *Kelly v. Leachman,* 3 Idaho, 629, 33 Pac. 44, a decision which we are not disposed to recede from or modify, notwithstanding the evident disapproval of the learned judge of the fifth district.

The fact of Eliza Spence, the wife of R. S. Spence, being a defendant, introduces an element in this case which did not appear in the case of *Kelly v. Leachman.* It may be that the learned court intended simply to hold that the mortgage was barred as against the defendant Eliza Spence only, but that, being claimed as a homestead, or having been so used and occupied by the defendants, a decree of foreclosure could not go against it. If such was the intention of the court, it is not made entirely clear by the language used.

Counsel for respondents seem to be at issue with the court in its conclusion that the note was not barred, as the court gives judgment against the defendant R. S. Spence and in favor of plaintiff upon the note for the full amount claimed, and from that judgment no appeal is taken. The important, if not the only real, question involved in this appeal is, Was the action upon the real estate mortgage barred? We might content ourselves by simply relying upon the decision of this court in *Kelly v. Leachman, supra,* but, as before said, there is an element in this case which did not exist in that, and we will deal with that alone. The respondents base their contention almost entirely upon the decisions in California as our statutes are taken largely from those of that state. The distinction as to remedy upon a mortgage upon real estate in those states where the mortgage is a conveyance, and those like California, Idaho, and some others, where the mortgage is a mere security, must not be lost sight of. The statutes of California (Code Civ. Proc., sec. 726), as well as the statutes of Idaho (Rev. Stats., sec. 4520), provide that "there can be but one action for the recovery of any debt, or the enforcement of any right secured by mortgage upon real estate or personal property." That the statute of limitations runs against the remedy, and not against the debt, is settled law. If, therefore, the remedy upon the mortgage was barred, that upon the note must have been. But, as we have heretofore held, the remedy upon the note was not barred by reason of the voluntary acts of the defendant maker, and to this extent our decision in *Kelly v. Leachman* seems to find recognition by the learned judge of the district court.

There is one fact in this case which seems to have been
overlooked by counsel for the respondents as well as by the
trial court, and that is that at the time of the execution and
delivery of the mortgage upon real estate in this case such real
estate was not a homestead. The statutes of Idaho provide
the only means by which real estate can be impressed with the
character of a homestead. (Idaho Rev. Stats., secs. 3070-
3088.) No attempt to comply with these provisions by the
defendants, or either of them, was made until after this action
was commenced. Section 3039 of the Revised Statutes of
Idaho, among other claims or debts for which the homestead is
liable, says (subdivision 4) : "On debts secured by mortgages
upon the premises executed and recorded before the declara-
tion of homestead was filed for record." It follows that until
after the action was commenced in this case the real estate in
question was like any other community property, and subject
to the same conditions. Section 2505 of the Revised Statutes,
provides: "The husband has the management and control of
the community property, with the like absolute power of dis-
position (other than testamentary) as he has of his separate
estate; but such power of disposition does not extend to the
homestead or that part of the common property occupied or
used by the husband and wife as a residence." Section 2494
of the Revised Statutes, is as follows: "The husband is the
head of the family. He may choose any reasonable place or
mode of living, and the wife must conform thereto." It fol-
lows that the property in question at the time the mortgage
thereon was executed was common property of the marital
community. It might be abandoned as a residence at any
time at the option of the husband. It might be sold upon
execution for the debts of the husband. This did not give
the wife an estate in it such as is provided by the homestead
laws. The husband could not convey or encumber it so long
as it continued to be the residence of himself and wife, with-
out her joining in such conveyance. (Idaho Rev. Stats., sec.
2921.) But it was in his power to change its character as a
residence at any time without the consent or co-operation of
the wife. The case of *Barber v. Babel,* 36 Cal. 11, which
seems to be relied upon especially by counsel for the respond-

ents, presents an entirely different state of facts from what is presented by the case at bar. In that case the declaration of homestead was filed and recorded nearly four years before the acts of the husband which it was claimed took the case out of the operation of the statute were performed, and we think a critical examination of that case will show that the decision of the court was based largely, if not entirely, upon the estate invested in the wife by the creation of the homestead. The court in that case say: "The express provision, that the husband and wife shall be deemed to hold said homestead as joint tenants, certainly means that they shall hold some estate or interest as to the homestead different from that held before; that the estate or interest in the homestead shall be joint; and that the wife at least shall have a more distinct, specific, individual, available, indestructible and valuable interest or right than she held before; otherwise the provision is without meaning and without consequence." The argument of the respondents would appear to be predicated upon the assumption that the wife has some estate in the property separate and apart from, and without the control of, the husband at the time the operation of the statute of limitations was stopped by the act of the husband; but this is not the case. When the mortgage was executed, the husband had "absolute control of the property," with the exceptions mentioned in the statute. At the time the mortgage was executed, the wife did not become a surety, for she had no estate in the land which was not subject to the control of the husband. Her joining in the mortgage was simply a formality required by the statute. She might have refused to join in the mortgage, but such refusal would have invested her with no other or different estate than what she then held. The husband could have avoided the effect of such refusal by simply changing their residence. The husband, in the exercise of that "absolute control" which the statute gives him over the common property, saw fit to hypothecate a portion of such property as security for the payment of a debt. The wife joined him in such hypothecation as a mere formality required by the statute. When the husband saw fit to avoid a foreclosure, or for any other reason to stop the running of the statute of limitations against the

remedy upon the security so given, no injury was wrought
upon any estate which the wife had in the property hypothe-
cated by his so doing.   In *Low v. Allen,* 26 Cal. 145, the court
holds that "the mortgage contract is distinct from the note,"
etc.   We have heretofore held otherwise, and are not inclined
to recede from that decision.   (*Kelly v. Leachman, supra.*)
In *Lord v. Morris,* 18 Cal. 482, as in *Wells v. Harter,* 56 Cal.
342, the note was already barred by the statute when the new
promise was made, and the action was upon the new promise;
and we think it will be found that this distinction runs
through all of the California cases cited.   In *Lord v. Morris,*
*supra,* the court says "that distinct actions lie upon the note
and mortgage and note."   Such is not the case in this state.
But one action can lie for the recovery of any debt secured by
a lien upon real or personal property.   This is the only remedy
under our statute.   Now, whatever will bar the remedy upon
one will bar the remedy upon both, and, as we construe the
statutes, whatever will prevent or stop the running of the
statute upon one will prevent it upon both.   This would at
least seem to have been the opinion in California, hence the
enactment of the Civil Code, section 2911.

There is another feature of this case which, by the ruling
of the court, was not permitted to appear upon the trial;
but, as we consider such ruling error, and as the amendment
proposed appears in the record, we shall assume that the facts
set forth in such proposed amendment were true, at least in
so far as they are supported by the record.   The defendant
R. S. Spence was and is a practicing attorney, and as such he
was employed by the deceased, Hannah B. Humphreys, to col-
lect certain moneys due to her from the estate of a deceased
brother in England.   Spence collected something over $3,000,
but forgot to pay any portion thereof to his client.   Finally
he made a settlement with his client, which ended in the giving
of the note and mortgages in this suit.   We cannot close our
eyes to facts inevitably apparent, and it is clearly evident
from the record that this arrangement was made by the old
lady, or rather consented to by her, to avoid the unpleasant
predicament which her attorney would be placed in should the
criminal law be resorted to.   For the money received by

Spence, and which, in violation of both his professional oath and the provisions of the statute, he had retained from his old client, she accepted his note, secured by the mortgages in question. It was stipulated in the note that the interest was to be payable monthly. From the character of some of the payments it is properly and legitimately inferable that it was upon the interest upon this note that she was to some extent at least dependent for her living. That the relation of attorney and client continued to exist between them, and that the confidence which the law implies or attaches to such relation was relied upon by the client, is shown by the fact that she intrusted him to prepare both the note and the mortgages, and, moreover, that all the indorsements upon the note to June, 1892, were in the handwriting of the defendant Spence, and the last payment upon the note made by the defendant Spence was upon the day of the decease of the client. After that no further payments were made. In fact, from that time it seems to have been "a hankering snither" with the defendant Spence whether he should honestly meet an honest debt, or by subtlety try and defeat it. His last effort in the consummation of the latter theory is shown in the filing of a declaration of homestead, after suit commenced. The district court finds that the taxes alleged to have been paid by plaintiff were so paid as alleged. This being so, the plaintiff is entitled to recover such amount, and the same should be included in the decree of foreclosure. (Rev. Stats., sec. 3329.) While we cannot, nor do we intend to, legislate, or abrogate any legislative enactment by any unwarranted rule of construction, we recognize the admonition of our law that we are to construe our statutes "for the promotion of justice." We cannot see any justice in the contention of the defendants. We are simply asked to ratify a wrong attempted to be perpetrated upon a client by the attorney, in whom she had been almost compelled to place unlimited confidence. Under our view of the law and of the principles of equity applicable to this case, we cannot do it.

The necessity for two appeals in this case is not apparent, but, it having been stipulated that the two appeals should be heard together upon the record, as presented, and that one

decision and judgment should include both, it is ordered that the order and judgment of the district court sustaining the demurrer of Eliza Spence to the complaint of the plaintiff, and dismissing the complaint as to her, is reversed, and that the said Eliza Spence be given leave to answer said complaint, and that the judgment against the defendant R. S. Spence be reversed, and the district court proceed to judgment and decree in this case in accordance with this decision. Costs to appellant.

Sullivan, C. J., concurs.

Quarles, J., having been of counsel in court below, did not ...t in case or take part in the decision.

### ON REHEARING.

HUSTON, J.—We have examined the petition for a rehearing filed in this case, and are unable to discover therein anything new, either in the way of argument or authority. The case was thoroughly briefed, and was carefully considered by the court, and we see no warrant for changing our views. The rehearing is denied.

Sullivan, C. J., concurs.