(January 16, 1899.

## MOULTON v. WILLIAMS.
[55 Pac. 1019.]

MORTGAGE—FORECLOSURE.—A mortgage given to secure the payment of a note is a mere incident to the note, and its foreclosure is not bound so long as an action upon the note is not bound.

ACKNOWLEDGMENT OF DEBT—LIMITATIONS.—An indorsement upon a note, secured by mortgage, acknowledging the debt evidenced by the note, signed by the maker, who is also the mortgagor does not create, extend or renew either the principal obligation or the mortgage, and is not void under section 3351 of the Revised Statutes, as such acknowledgment affects the remedy on the note and mortgage, and not the contract or obligation thereof.

(Syllabus by the court.)

APPEAL from District Court, Blaine County.

R. F. Buller and Lyttleton Price, for Appellant.

It was conceded that this deed passed the title of Anderson to the premises, and the only questions are whether the un-acknowledged and unrecorded indorsements on the note and mortgage are effective to prevent the bar of the statute of limitations as against a subsequent intervening *bona fide* purchaser without actual notice, and also whether the said indorsements extended the note for five years and four months or only for five years. (Rev. Stats., secs. 2990, 3001, 3002, 3004, 3357, 3377; *Chamberlain v. Bell,* 7 Cal. 293, 68 Am. Dec. 260.) A mere creditor is not protected by the recording acts. But that a judgment creditor purchasing at his own sale is protected is well settled. (*Hunter v. Watson,* 12 Cal.

363, 73 Am. Dec. 543; *Pixley v. Higgins,* 15 Cal. 127; *Foorman v. Wallace,* 75 Cal. 552, 17 Pac. 680.)   No agreement on the part of Moulton to wait ninety days in consideration of the new promise was shown; hence his right of action was not suspended and there was nothing to interrupt the running of the statute of limitations, and the suit would be barred in five years from the date of the new promise.   (*McCormick v. Brown,* 36 Cal. 180, 95 Am. Dec. 180; 2 Daniel on Negotiable Instruments, secs. 1316-1325; Angell on Limitations, 5th ed., p. 34, sec. 42, p. 303, sec. 287.

Texas Angel, for Respondent.

In our state it has been held that a renewal of the note renews the mortgage.   (*Kelly v. Leachman,* 3 Idaho, 629, 33 Pac. 44; *Laws v. Spence,* 5 Idaho, 244, 48 Pac. 282.)   The record of the mortgage gives notice to all subsequent purchasers and encumbrancers in good faith, inasmuch as it puts all parties upon inquiry as to the true status of the debt between the debtor and creditor.   (*Murdock v. Waterman,* 145 N. Y. 66, 39 N. E. 829; *Hughes v. Edwards,* 9 Wheat. 489; *Lint v. Morrill,* 25 Cal. 498.)   The statutory bar would not occur until five years after the expiration of the extended time. (*Shepherd v. Thompson,* 122 U. S. 231, 7 Sup. Ct. Rep. 1229; *Randon v. Toby,* 11 How. 493.)   The appellant was a judgment creditor, and purchased the property at its own sale and credited the purchase price on the judgment.   In such a case it cannot claim to be a *bona fide* purchaser.   (*Pettingill v. Moss.* 3 Minn. 222, 74 Am. Dec. 747; *Caldwell v. Walters,* 18 Pa. St. 79, 55 Am. Dec. 592; *Wilhoit v. Lyons,* 98 Cal. 409, 33 Pac. 325; Freeman on Executions, secs. 316, 335.)

Action by George B. Moulton against George A. Williams, administrator of Volney S. Anderson, deceased, and others. Judgment for plaintiff, and said administrator and the First National Bank of Hailey appeal.   Affirmed.

Suit was brought by the plaintiff to foreclose a mortgage given to secure a note dated March 30, 1885, due October 1, 1885, to plaintiff by V. S. Anderson.   September 19, 1890, the following indorsement was made upon the note, and also upon the mortgage, to wit: "I hereby acknowledge the within note,

and renew the same, and promise and agree to pay the same within four months from this nineteenth day of September, 1890. V. S. Anderson." V. S. Anderson died March 21, 1894, intestate, being then a resident of Alturas county, now Blaine county. January 3, 1895, the appellant George A. Williams was, by letters of administration on that day issued, appointed administrator of the estate of said deceased. October 25, 1890, the appellant the First National Bank of Hailey obtained a judgment against said Anderson, and on July 17, 1893, under execution issued upon said judgment, the mortgaged property in controversy was sold, and purchased by said bank, which, on January 31, 1894, obtained a sheriff's deed therefor. This action was commenced against the appellants by the mortgagee to foreclose the mortgage, November 21, 1895. Plaintiff waived all recourse against the estate of Anderson, and elected to look to the mortgage security alone for his debt. The court found all of the facts in favor of the plaintiff, and rendered judgment of foreclosure, from which certain defendants appealed.

QUARLES, J. (After Stating the Facts.)—The indorsement upon the note and mortgage in controversy, while called a "renewal," is merely an acknowledgment or new promise to pay the debt, and therefore evidence of a waiver of the bar of the statutes of limitation. The plea of the statute is a personal one, and therefore may be waived, either in an action commenced, where failure to plead it waives it, or it may be waived by the debtor by writing, under the provisions of section 4078 of the Revised Statutes, which is as follows: "No acknowledgment or promise is sufficient evidence of a new or continuing contract, by which to take the case out of the operation of this title, unless the same is contained in some writing, signed by the party to be charged thereby." The effect of said acknowledgment was to remove the bar, and to furnish, under the statute, "sufficient evidence" to "take the case out of the operation" of our limitation statutes, and start anew the running of the bar of the statute. Said indorsement did not make a debt. It did not renew the debt. It did not extend, add to, or take from the debt. It simply waived the bar of the statute. It affected the remedy alone. Much of the

misapprehension that exists as to the effect of statutes of limitation arises from the neglect of lawyers and judges to distinguish between the obligations of contracts and the remedy or right to enforce such obligations, or to recover damages for their nonperformance. The indorsement on the note in question did not create any new obligation on the part of the debtor, but it took the case out of the operation of the statute, or removed the bar of the statute up to the making of same; in other words, it affected not the debt, but the remedy thereon. What is said in regard to the principal obligation is also applicable to the mortgage. The mortgage is an incident to the debt. It follows the debt, is collateral to it, and stands or falls with the debt. So long as the creditor is entitled to a judgment for the debt evidenced by his note, so long he may, generally, be entitled to enforce the security given to secure its payment. (*Kelly v. Leachman,* 3 Idaho, 629, 33 Pac. 44; *Law v. Spence,* 5 Idaho, 244, 48 Pac. 282.) If, by our statutes, the security was extinguished by the lapse of a time certain, its life limited by statute, regardless of whether the remedy on the principal object was lost by reason of the bar of the statute or not, as is the case in California, the rule would be otherwise. The life of the mortgage is not limited in this state. It never ceased to exist; therefore it has not been renewed. It secures the same debt, and hypothecates the same property, in the same form, for the same purpose, and to the same effect as when originally given; therefore the mortgage has not been extended. Section 3351 of the Revised Statutes, has no application to this case. That section applies to the instrument itself, not to the remedy of the mortgagee. (*Willows v. Rosenstein,* 5 Idaho, 305, 48 Pac. 1067.) Under the statute, *supra,* the lien of the mortgage cannot be extended beyond its terms so as to secure a debt not named in the mortgage, or to hypothecate property not named in the mortgage, except by writing acknowledged as required in case of a conveyance of real property.

The appellants contend that the action was barred by the running of the statute even after the written indorsement of acknowledgment. That acknowledgment was made September 19, 1890. The mortgagor and debtor died March 21, 1894.

The appellant Williams was appointed administrator of said deceased by letters issued to him by the proper probate court on January 3, 1895. This action was commenced November 21, 1895, within one year, and was authorized by the provisions of section 4071 of the Revised Statutes. It is unnecessary to decide whether the indorsement on the note and mortgage waived the running of the statute for the next ensuing four months from its date, in addition to the time fixed by the statute in which the action might be brought, and we do not pass on that question. The original record of the mortgage gave the appellant bank constructive notice of its existence, and placed it upon inquiry as to the real facts. It was charged with notice that the debtor might waive the bar of the statute. Before levying upon and selling the mortgaged property, it should have inquired into the fact as to the running of the bar of the statute or waiver of the same. The lien of the mortgage exists in this case as against the heirs and legal representative of the deceased mortgagor, and, as the appellant bank has not shown any title by prescription to the mortgaged property, the lien exists as against it. The judgment appealed from is affirmed, with costs to respondents.

Huston, C. J., and Sullivan, J., concur.