(October 5, 1920.)

## EDWARD DIGHTON, Respondent, v. FIRST EXCHANGE NATIONAL BANK, a Corporation, Appellant.

[192 Pac. 832.]

MORTGAGES—FORECLOSURE—LIMITATION OF ACTIONS.

1. A note and mortgage given to secure its payment must be construed together as one contract, and the remedy for the enforcement of the conditions thereof is the one referred to in C. S., sec. 6949, and is exclusive. Whatever will prevent the running of the period of limitations as to the debt will also prevent it as to the lien of the mortgage.

2. The grantee of a mortgagor, although not obligated to pay the debt, who has acquired his interest in the mortgaged premises before the right to foreclose was barred, cannot successfully plead the statute of limitations against suit to foreclose if the debtor has, by continued absence from the state, suspended the period of limitation with respect to the debt.

APPEAL from the District Court of the Eighth Judicial District, for Kootenai County. Hon. R. N. Dunn, Judge.

Suit to foreclose mortgage. Judgment for plaintiff. *Affirmed.*

Ezra R. Whitla, for Appellant.

The mortgagor having sold the land, cannot extend the statute by any act of his. (*California Bank v. Brooks,* 126 Cal. 198, 59 Pac. 302; *Brandenstein v. Johnson,* 140 Cal. 29, 73 Pac. 744; *Cook v. Prindle,* 97 Iowa, 464, 59 Am. St. 424, 66 N. W. 781; *Cottrell v. Shepherd,* 86 Wis. 649, 39 Am. St. 919, 57 N. W. 983; *George v. Butler,* 26 Wash. 456, 90 Am. St. 756, 67 Pac. 263, 57 L. R. A. 396; *Hubbard v. Mis-*

1. Effect of bar of statute of limitations with respect to mortgages, see notes in 95 Am. St. 664; 46 L. R. A., N. S., 475.

2. On effect of mortgagor's absence from the state to toll the statute of limitations as against foreclosure proceedings against his grantor, see notes in 8 Ann. Cas. 1173; 26 L. R. A., N. S., 898.

*souri Valley Life Ins. Co.*, 25 Kan. 172; *Damon v. Leque*, 17 Wash. 573, 61 Am. St. 927, 50 Pac. 485; *Hanna v. Kasson*, 26 Wash. 568, 67 Pac. 271; *Schumaker v. Sibert*, 18 Kan. 104, 26 Am. Rep. 765; *Stancill v. Spain*, 133 N. C. 76, 45 S. E. 466; *Hopkins v. Clyde*, 71 Ohio St. 141, 104 Am. St. 737, 1 Ann. Cas. 1000, 72 N. E. 846; *Arthur v. Screven*, 39 S. C. 77, 17 S. E. 640; *Cook v. Bramel*, 106 Ky. 803, 51 S. W. 600, 45 L. R. A. 212; *De Voe v. Rundle*, 33 Wash. 604, 74 Pac. 836; *Colonial & U. S. Mtg. Co. v. Northwestern Thresher Co.*, 14 N. D. 147, 116 Am. St. 642, 8 Ann. Cas. 1160, 103 N. W. 915, 70 L. R. A. 814.)

The absence of the mortgagor from the state does not toll the limitations as to the purchaser of the land. (*Boucofski v. Jacobsen*, 36 Utah, 165, 104 Pac. 117, 26 L. R. A., N. S., 898; *Anderson v. Baxter*, 4 Or. 105; *Eubanks v. Leveridge*, 4 Sawy. 274, Fed. Cas. No. 4544; *Fowler v. Wood*, 28 N. Y. Supp. 976.)

Elder & Elder, for Respondent.

The mortgage is a mere incident to the note and stands and falls with the note. (*Law v. Spence*, 5 Ida. 244, 48 Pac. 282; *Kelly v. Leachman*, 3 Ida. 629, 33 Pac. 44.)

An indorsement upon a note and mortgage promising to pay the same is not a renewal of the note and mortgage and does not constitute a separate and distinct contract, but is an acknowledgment to pay the debt. (*Moulton v. Williams*, 6 Ida. 424, 55 Pac. 1019; *Vollmer v. Estate of Reid*, 10 Ida. 196, 77 Pac. 325; *Dern v. Olsen*, 18 Ida. 358, Ann. Cas. 1912A, 1, 110 Pac. 164, L. R. A. 1915B, 1016.)

The general rule is that the mortgage is but a mere incident to the note which it is given to secure, and nothing short of payment of the debt or its extinguishment by operation of the law will discharge the mortgage lien. (*Brown v. Rockhold*, 49 Iowa, 282; *Jinks v. Shaw*, 99 Iowa, 604, 61 Am. St. 256, 68 N. W. 900; *London & San Francisco Bank v. Bandman*, 120 Cal. 220, 65 Am. St. 178, 52 Pac. 583; *McGovney v. Gwillim*, 16 Colo. App. 284, 65 Pac. 346; *Balch*

*v. Arnold,* 9 Wyo. 17, 59 Pac. 434; *Richey v. Sinclair,* 167 Ill. 184, 47 N. E. 364; *Mackie v. Lansing,* 2 Nev. 302.)

The absence of the mortgagor from the state suspends the running of the limitation against the action to foreclose the mortgage. (*Sterrett v. Sweeny,* 15 Ida. 416, 128 Am. St. 68, 98 Pac. 418, 20 L. R. A., N. S., 963; *Robertson v. Stuhlmiller,* 93 Iowa, 326, 61 N. W. 986; *Smith v. Pekins,* 10 Kan. App. 577, 63 Pac. 297.)

MORGAN, C. J.—On May 13, 1910, T. G. Kaesemeyer and Emma Kaesemeyer, his wife, executed their note in favor of respondent for the sum of $2,000, due one year after date, together with a mortgage, which was recorded on May 18, 1910, conveying to respondent certain real estate by way of security for the payment of the note. On April 12, 1912, the mortgagors deeded the premises in question to appellant, by way of security, and in November of that year they departed from the state and had not returned at the time of the trial in the district court. On March 7, 1916, the Kaesemeyers executed a deed conveying the mortgaged premises to appellant and therein recited that it was "not intended as security but as a complete and absolute conveyance of said property." On April 30, 1917, they signed the following indorsement on the note due to respondent: "that there is now due upon the foregoing note the sum of $2,000, with interest at 8% per annum, less payments which have been made on the interest." Suit to foreclose respondent's mortgage was instituted on the last-named date and the mortgagors answered admitting the execution of the note and mortgage and that there was due thereon the sum of $2,000 with interest at the rate of 8% per annum from May 13, 1910, less $1,010 paid on the interest on the dates specified in the complaint, and they consented that decree of foreclosure be entered for the amount due on the note. Appellant alleged in its answer that the cause of action was barred by the statute of limitations. The trial court found adversely to this contention and entered its decree accordingly.

The principal question involved in this case is: Can the grantee of a mortgagor, who acquired his interest in the premises before the right to foreclose was barred, and who is not obligated to pay the debt secured by the mortgage, plead the statute of limitations against a suit to foreclose, when the cause of action is not barred as against the debtor because of his continued absence from the state?

Many courts have held an action to foreclose a mortgage to be a remedy distinct from that by which the creditor may enforce the personal obligation for the debt secured by it, and that one of these remedies may be barred when the other is not. The cases so holding seem to proceed on the theory that the owner of a note and mortgage has two distinct remedies which may be pursued independently of each other: 1. A suit in equity to foreclose the mortgage and for a deficiency judgment, if deficiency should remain; 2. An action at law to recover the amount of the debt.

Decisions based on such a theory cannot aid us, for C. S., sec. 6949, provides: "There can be but one action for the recovery of any debt, or the enforcement of any right secured by mortgage upon real estate or personal property, which action must be in accordance with the provisions of this chapter." Then follows our statutory authority for foreclosure and sale.

That section was construed by this court in *Clark v. Paddock,* 24 Ida. 142, 132 Pac. 795, 46 L. R. A., N. S., 475, wherein it was held that a note and mortgage given to secure its payment must be construed together as one contract, and that the remedy for the enforcement of the conditions thereof is the one referred to in C. S., sec. 6949. The court said: "In other words, under the statute of this state, no action can be maintained for the recovery on a promissory note secured by mortgage, unless the action be coupled with an action to foreclose the mortgage, except where it is shown that the security has become valueless."

In *Kelly v. Leachman,* 3 Ida. 629, 33 Pac. 44, it was held that the subject matter of a suit for mortgage foreclosure is the debt due the plaintiff from the defendant, and that

the mortgage is a mere incident to the debt and given to secure its payment.

In *Law v. Spence,* 5 Ida. 244, 48 Pac. 282, it is said in the syllabus, which was written by the court: "But one action can lie for recovery of any debt secured by a lien upon real or personal property in this state, and where such action is barred by the statute of limitations as to the debt, the lien is carried with it and is likewise barred, and whatever will prevent the running of the statute upon one will prevent it upon both."

In *Moulton v. Williams,* 6 Ida. 424, 55 Pac. 1019, this language appears: "So long as the creditor is entitled to a judgment for the debt evidenced by his note, so long he may, generally, be entitled to enforce the security given to secure its payment. . . . . If, by our statutes, the security was extinguished by the lapse of a time certain, its life limited by statute, regardless of whether the remedy on the principal object [the debt] was lost by reason of the bar of the statute or not, as is the case in California, the rule would be otherwise."

It is a well-established principle that one who conveys or encumbers property cannot thereafter by any act of his defeat, or add burdens to, the title he has granted or the encumbrance he has created, and, it is argued, one who sells or re-encumbers his mortgaged premises cannot, by absenting himself from the state, continue in force, beyond what would otherwise be the period of limitation, the lien of the first mortgage to the detriment of his subsequent grantee or mortgagee.

The rule of law is sound, but incapable of the application sought to be made of it. It cannot be said that the Kaesemeyers, by leaving the state, placed a burden on the title which was not there when appellant took its deed. The effect of their going was to continue in force, for a longer period than it would otherwise have existed, a prior encumbrance, but appellant took its deed with notice of that encumbrance and with knowledge of the law which made possible its continuance in force in the manner in which it was

done. That law became a part of the contract and was and is as binding on appellant as if it had been expressly agreed that the grantors named in the deed might remove from the state and thus keep respondent's mortgage in force.

The original agreement between the mortgagors and respondent, in the light of our law governing mortgages and the enforcement of obligations secured by them, was that the former would pay the debt, but in the event of their failure to do so, the latter would foreclose the mortgage, sell the land, and apply the proceeds toward the payment of the debt and take a deficiency judgment for the balance found to be due, if any, and no more. Thereafter, and prior to the expiration of the period of limitation within which suit might be commenced on the note and mortgage, the mortgagors conveyed the premises to appellant subject, as a matter of law, to respondent's lien; they then left the state and the statute of limitations was thereby suspended with respect to their personal obligation, for C. S., sec. 6622, provides that if one against whom a cause of action has accrued thereafter departs from the state, "the time of his absence is not part of the time limited for the commencement of the action." If the period of limitation is not also suspended with respect to the mortgage by the debtor's absence from the state, and if it operates to defeat the right to foreclose, while the right to maintain an action on the note continues to exist and personal judgment may be taken against its makers, appellant may plead the statute of limitations, defeat the mortgagors' right to have the property sold, and the result will be a judgment against them for the full amount of the indebtedness, while appellant may retain the premises freed from respondent's lien, which is not in conformity with any of the contracts under consideration when read in the light of the law of Idaho applicable thereto, but is violative of all of them.

The purpose of the above-quoted provision of C. S., sec. 6949, and of the chapter of which it is a part, is to regulate the enforcement of obligations secured by mortgage and is binding, not only on the parties to the contract, but

also on subsequent transferees of the mortgaged premises with notice.

Appellant, having acquired its interest in the mortgaged premises before respondent's right to foreclose was barred, although not obligated to pay the debt secured thereby, cannot successfully plead the statute of limitations against the suit to foreclose, because the debtors' continued absence from the state has suspended the running of the period of limitation with respect to both note and mortgage. (*Ewell v. Daggs,* 108 U. S. 143, 2 Sup. Ct. 408, 27 L. ed. 682, see, also, Rose's U. S. Notes; *Falwell v. Henning,* 78 Tex. 278, 14 S. W. 613; *Waterson v. Kirkwood,* 17 Kan. 9; *Schmucker v. Sibert,* 18 Kan. 104, 26 Am. Rep. 765; *Hubbard v. Missouri Valley Life Ins. Co.,* 25 Kan. 172; *Clinton County v. Cox,* 37 Iowa, 570; *Emory v. Keighan,* 94 Ill. 543; *Johnson v. Johnson,* 81 Mo. 331.)

The judgment is affirmed.   Costs are awarded to respondent.

Budge, J., concurs.

RICE, J., Dissenting.—This case presents a new question in this state.   I dissent from the conclusion reached by the majority of the court.   Both the weight of authority and the sounder reasoning appear to me to be contrary to the views expressed in the foregoing opinion.

When the Kaesemeyers executed their mortgage to Dighton, there was no implied contract that they would not thereafter sell the property mortgaged to someone else.   When they executed their deed to appellant, no relationship of agency existed between them and appellant whereby they could in any manner represent appellant or affect the interest conveyed to it by their deed.   (*Smith v. Hurd,* 50 Minn. 503, 36 Am. St. 661, 52 N. W. 922.)   When appellant received its deed from the Kaesemeyers it became a necessary party to any action brought by Dighton to foreclose his mortgage if appellant's interest was to be affected thereby.   (C. S., sec. 6949.)   In other words, a cause of action arose against ap-

pellant and in favor of Dighton. It is not the same cause of action as that which existed in favor of Dighton and against the Kaesemeyers. (*Wood v. Goodfellow*, 43 Cal. 185.) The statute of limitations is as applicable to this cause of action as to any other. Appellant could be deprived of its right to rely upon the statute of limitations, so far as this cause of action is concerned, only by its consent.

It is apparent that to permit the Kaesemeyers, by departing from the state after having delivered their deed to appellant "to continue in force, for a longer period than it would otherwise have existed, a prior encumbrance," is to empower them to add to the burden of the encumbrance upon the property to the detriment of appellant. It also makes appellant's right to rely upon the statute of limitations contingent upon the action of another, and not upon its own volition. C. S., sec. 6622, suspends the running of the statute of limitations only as to a person who is absent from the state when a cause of action accrues against him, or who has departed from the state after a cause of action has accrued. It does not affect an action against one who remains in the state.

There is nothing in C. S., sec. 6949, inconsistent with the right of appellant to plead the statute of limitations. That section requires in this case that appellant be made a party to the foreclosure, and the purpose is to enable appellant to set up any defense which it has. Its defense is entirely separate from any defense that the Kaesemeyers, the mortgagors, may have, and does not affect the cause of action existing in favor of Dighton and against the Kaesemeyers, or the form of action by which it must be enforced.

Some of the authorities contrary to the holding of the majority opinion are as follows: *Wood v. Goodfellow, supra; Filipini v. Frobock*, 134 Cal. 441, 66 Pac. 587; *Denny v. Palmer*, 26 Wash. 469, 90 Am. St. 766, 67 Pac. 268; *Bush v. White*, 85 Mo. 339; *Colonial & U. S. Mort. Co. v. Northwest Thresher Co.*, 14 N. D. 147, 116 Am. St. 674, 8 Ann. Cas. 1160, 103 N. W. 915, 70 L. R. A. 814; *Paine v. Dodds*, 14 N. D. 189, 116 Am. St. 674, 103 N. W. 931; *Cook v. Union*

*Trust Co.*, 106 Ky. 803, 51 S. W. 600, 45 L. R. A. 212; *Brandenstein v. Johnson*, 140 Cal. 29, 73 Pac. 744; *Frates v. Sears*, 144 Cal. 246, 77 Pac. 905; *Duvall v. Parepoint*, 168 Ky. 11, 181 S. W. 653; *Arthur v. Screven*, 39 S. C. 77, 17 S. E. 640; *Boucofski v. Jacobsen*, 36 Utah, 165, 104 Pac. 117, 26 L. R. A., N. S., 893.

The judgment should be reversed.