(August 2, 1926.)

INTERNATIONAL MORTGAGE BANK, a Corporation, Respondent, v. S. BARGHOORN, E. N. JOHNSON and POTLATCH LUMBER COMPANY, a Corporation, Defendants, and FRANC BARGHOORN, Defendant and Appellant.

[248 Pac. 868.]

LIMITATION OF ACTIONS—MORTGAGE FORECLOSURE—ABSENCE OF DEBTOR FROM STATE—STATUTE OF LIMITATIONS BARRED—COURTS—STIPULATIONS.

1. Statute of limitations in action to foreclose cannot avail grantee of mortgagor who, without becoming obligated to pay debt, acquired mortgagor's interest before right to foreclose was barred, where debtor has by continued absence from state prevented running of statute with respect to debt.

2. Prior decision against availability, under certain circumstances of limitations in mortgage foreclosure being a rule of property, will not be disturbed.

3. Defendant in mortgage foreclosure, by stipulating that mortgagee duly assigned and transferred the note and mortgage to plaintiff, and that plaintiff has complied with Idaho laws with reference to foreign corporations doing business in the state, admits plaintiff is qualified to maintain the action.

APPEAL from the district court of the second judicial district, for Latah County.

Action to foreclose mortgage. Judgment for plaintiff. *Affirmed.*

---

Publisher's Note.

1. See 17 R. C. L. 846.

2. Rules of Property, see notes in 27 Am. Dec. 633; 28 Am. St. 608; 73 Am. St. 99. See, also, 7 R. C. L. 1001.

See Courts, 15 C. J., sec. 342, p. 947, n. 41.

Limitations of Actions, 37 C. J., sec. 24, p. 705, n. 45; p. 706, n. 47; sec. 385, p. 994, n. 8.

Stipulations, 36 Cyc., p. 1291, n. 64.

James H. Forney, for Appellant.

The statute of limitation began to run in favor of the defendant at the time the cause of action accrued against him. (*Rawleigh Medical Co. v. Atwater,* 33 Ida. 399, 195 Pac. 545; *Boise Payette Lumber Co. v. Weaver,* 40 Ida. 516, 234 Pac. 150.)

The absence of the mortgagor from the state after he has parted with the title to the mortgaged property does not prevent the statute of limitations from running in favor of his grantee. (*Lord v. Morris,* 18 Cal. 482; *Denny v. Palmer,* 26 Wash. 469, 90 Am. St. 766, 67 Pac. 268; *Bush v. White,* 85 Mo. 339; *Brandenstein v. Johnson,* 140 Cal. 29, 73 Pac. 744.)

Action to foreclose a mortgage on real property is a remedy distinct from the remedy by which the creditor may enforce the personal obligation for the debt secured by the mortgage, and may become barred by the statute of limitations even though the debt is not outlawed. (*Hill v. Hilliard,* 103 N. C. 34, 9 S. E. 639; *Stancill v. Spain,* 133 N. C. 76, 45 S. E. 466; *Hopkins v. Clyde,* 71 Ohio 141, 104 Am. St. 737, 72 N. E. 846; *Authur v. Screven,* 39 S. C. 77, 17 S. E. 640; *DeVoe v. Runkle,* 33 Wash. 604, 74 Pac. 836; *Colonial and U. S. Mtg. Co. v. Northwest Thresher Co.,* 14 N. D. 147, 116 Am. St. 642, 103 N. W. 915, 70 L. R. A. 814.)

Frank L. Moore and Latham D. Moore for Respondent.

There can be but one action for the recovery of any debt secured by a mortgage upon real estate or personal property and such action is exclusive. (C. S., sec. 6949; *Lewis v. Sutton,* 21 Ida. 541, 122 Pac. 911; *Dighton v. First Exchange Nat. Bank,* 33 Ida. 273, 192 Pac. 832; *Eaton v. McCarty,* 34 Ida. 747, 202 Pac. 603; *Payette-Boise W. U. Assn. v. Fairchild,* 35 Ida. 97, 205 Pac. 258.)

An action is not barred by limitation when the defendant has never been a resident of the state and it is not

shown to have been barred under the laws of any other state of which he was a resident. (*West v. Theis,* 15 Ida. 167, 128 Am. St. 58, 96 Pac. 932, 17 L. R. A., N. S., 472; *Ross v. Rees,* 55 Iowa, 296, 7 N. W. 611; *Brown v. Nourse,* 55 Me. 230, 92 Am. Dec. 583; *Hoffman v. Churchill,* 74 Mich. 235, 41 N. W. 907; *Way v. Colyer,* 54 Minn. 14, 55 N. W. 744; *Harrison v. Union Nat. Bank,* 12 Neb. 499, 11 N. W. 752; *Minneapolis Harvester Works v. Smith,* 36 Neb. 616, 54 N. W. 973; *Paine v. Drew,* 44 N. H. 306.)

A mortgage is a mere incident of a debt, and suit to foreclose the mortgage is not barred until action for personal liability on the debt thereby secured is barred. (*Dighton v. First Exchange Nat. Bank, supra; Richey v. Sinclair,* 167 Ill. 184, 47 N. E. 364; *Waterson v. Kirkwood,* 17 Kan. 9; *Hendricks v. Brooks,* 80 Kan. 1, 133 Am. St. 186, 101 Pac. 622; *Stein v. Kaun,* 244 Ill. 32, 91 N. E. 77; *McLaughlin v. Senne,* 78 Neb. 631, 111 N. W. 377; *Robertson v. Stuhlmiller,* 93 Iowa, 326, 61 N. W. 986; *Tukey v. Reinholdt* (Iowa), 130 N. W. 727; *Ewell v. Daggs,* 108 U. S. 143, 2 Sup. Ct. 408, 27 L. ed. 682.)

WILLIAM A. LEE, C. J.—This action was commenced by plaintiff International Mortgage Bank, a foreign corporation, upon a note and mortgage given by J. E. Wallace and his wife, Addie M. Wallace, to the Netherlands American Mortgage Bank, a foreign corporation. The note was dated at Moscow, Idaho, March 12, 1909, and was actually signed at Spokane, Washington, by the makers who appear never to have been residents of this state. Soon after the execution of the note and mortgage, the mortgagors conveyed the mortgaged property to defendants S. Barghoorn and his wife, Franc Barghoorn. This action was commenced against defendants S. Barghoorn and his wife, Franc Barghoorn, E. N. Johnson, and the Potlatch Lumber Company. All of the defendants, excepting Franc Barghoorn, were defaulted for failure to answer the complaint or because of a withdrawal of any claim of interest in the

mortgaged premises, and the case proceeded to judgment against defendant and appellant Franc Barghoorn to foreclose her interest in the mortgaged premises.

The court below found there was due and unpaid on the note and mortgage, including interest and attorney fees, a balance of $7,631.40; that the same was secured by said mortgage on the premises described therein, and decreed a sale of said premises, from which decree this appeal is taken.

Prior to the trial of the cause, the parties, by their counsel, filed a stipulation that all of the allegations contained in paragraphs 1, 2, 3, 5, 6, 7, 8, 10, 11 and 12 of plaintiff's amended complaint "are true and correct; and upon the trial of the above-entitled cause shall be treated as admitted by said defendant Franc Barghoorn and plaintiff need not offer any evidence in support thereof."

The facts alleged in the complaint that are admitted by this stipulation are corporate existence of respondent in this action and of its predecessor in interest the mortgagee and payee mentioned in the note; that both corporations had qualified to do business in this state; that the Barghoorns were husband and wife and were at the time of filing the complaint residents of the state of Washington, and had not been, at any time therein mentioned, residents of Idaho; that on March 12, 1909, the said J. A. Wallace and Addie M. Wallace were husband and wife and owned the premises described in the mortgage and executed said note, sued on in this action, for $11,000, and secured the same by giving a mortgage upon the premises described in paragraph six of the amended complaint; that said mortgage was acknowledged in the state of Washington so as to entitle it to be recorded; that it was recorded in Latah county, Idaho, March 16, 1909; that when the Wallaces executed this note and mortgage they were residents of Spokane, Washington, and at no time since has either of them resided in Idaho; that on March 13, 1909, the Wallaces, for value, sold, transferred, and by proper deed conveyed the mortgaged premises to defendant

S. Barghoorn and Franc Barghoorn, his wife, who ever since have been the owners of the same; that April 6, 1922, the said Netherlands American Mortgage Bank, for value, sold, transferred and delivered said note and mortgage to plaintiff, respondent herein, who has ever since owned the same.

Paragraph twelve of the amended complaint, which is also admitted by the stipulation, alleges that no part of said note has been paid save and except the interest accruing thereon prior to March 1, 1920, and $5,500 principal, paid by defendant S. Barghoorn, October 14, 1920; that there is now due, owing and unpaid on said note, the principal sum of $5,500, with interest at seven per cent from March 1, 1920.

This stipulation recites that since the commencement of this action, appellant, Franc Barghoorn, had been divorced from her husband, S. Barghoorn, and that he had conveyed the premises mentioned in the mortgage to her.

Counsel for appellant makes a number of assignments, but in his brief, under the title "Argument," condenses them under four general assignments, only two of which it will be necessary to consider, the first being that the statute of limitations has run against the cause of action set forth in the complaint. This note, by its terms, became due March 1, 1916. Hence, if nothing was shown to stop the running of the statute it would have been barred five years thereafter, or on March 1, 1921. The original complaint was not filed until June 26, 1922. The stipulation, however, shows that the makers of the note and mortgage never resided in Idaho.

[1] In *Dighton v. First Exchange Bank,* 33 Ida. 273, 192 Pac. 832, this court held that a note and mortgage given to secure its payment must be construed together as one contract, and the remedy for the enforcement of the conditions thereof is the one referred to in C. S., sec. 6949, and is exclusive. Whatever will prevent the running of the period of limitations as to the debt will also prevent it as to the lien of the mortgage. And further

it was held, that the grantee of the mortgagor, although not obligated to pay the debt, who has acquired the mortgagor's interest in the mortgaged premises before the right to foreclose was barred, cannot successfully plead the statute of limitations in a suit to foreclose, if the debtor has, by continued absence from the state, suspended the period of limitation with respect to the debt.

It is pointed out by Rice, J., in his dissenting opinion, that the foregoing case presented a new question and that the decision as announced by the majority is against the weight of authority. However, it seems to be supported in principle at least, by *Law v. Spence,* 5 Ida. 244, 48 Pac. 282; *Moulton v. Williams,* 6 Ida. 424, 55 Pac. 1019; and also by *Ewell v. Daggs,* 108 U. S. 143, 2 Sup. Ct. 408, 27 L. ed. 682.

[2]   This being a rule of property established in this state, we are not disposed to disturb it.

It should be observed that appellant is not payor of this note, but is seeking to avail herself of the defense of the statute of limitations in order to defeat the mortgage given to secure the note by the original makers, who were then and ever since have been nonresidents of the state, which precludes the statute of limitation from beginning to run against the obligation, and therefore, under the doctrine announced in the Dighton case, *supra,* also precludes appellant from relying upon the statute of limitations to defeat the mortgage securing this note.

[3]   The second assignment relied upon is not tenable for the reason that the stipulation admits that the original mortgagee, the Netherlands American Mortgage Bank, duly assigned and transferred the note and mortgage in question to respondent in this case, and that respondent has complied with the laws of this state with reference to foreign corporations doing business in this state, and hence, appellant, by her admission, admits respondent is qualified to maintain this action.

The judgment is affirmed with costs.

Budge, Givens and Taylor, JJ., concur.